This is a Medicaid case.
In June 1986 Ms. Evie Anthony was declared ineligible for Medicaid benefits, and she requested an administrative hearing on this decision. A hearing was held and on October 24, 1986 a decision was made to deny benefits to Ms. Anthony. This decision was received by Ms. Anthony on November 3, 1986, and she filed a complaint in the Circuit Court of Marion County contesting this decision.
On January 22, 1987 the Medicaid Agency filed a motion to dismiss the complaint on the ground that Ms. Anthony had failed to file a notice of appeal with the Medicaid Agency within thirty days of its decision as required by section 41-22-20(d), Code 1975 (1987 Cum.Supp.). Section 41-22-20(d) provides, in pertinent part, as follows: "The notice of appeal or review shall be filed within 30 days after the receipt of the notice of . . . the final decision of the agency. . . ."
On February 11, 1987 Ms. Anthony did file a notice of appeal with the Agency and requested the court to extend the time for filing her appeal or to extend the time for review. The trial court granted Ms. Anthony's motion and also granted both parties the opportunity to file motions for summary judgment. Summary judgment motions were filed; Ms. Anthony's motion was granted, and the Agency's motion was denied. The Agency's Rule 59(e), Alabama Rules of Civil Procedure, motion was denied, and the Agency appealed.
The Agency insists on appeal that the trial court exceeded its jurisdiction when it allowed Ms. Anthony to file her notice of appeal with the Agency more than thirty days after the Agency decision. We agree. The Agency also contends that the trial court's order granting summary judgment to Ms. Anthony must be reversed because it failed to list in writing the reasons for reversing the Agency's final decision as required by section 41-22-20(l), Code 1975 (1987 Cum.Supp.).
Anyone aggrieved by a final decision of an administrative agency in a contested case is entitled to judicial review as provided in section 41-22-20, Code 1975 (1987 Cum.Supp.). Appeals from such decisions are purely statutory and the time periods provided by the statute must be strictly observed.Davis v. Alabama Medicaid Agency, 519 So.2d 538
(Ala.Civ.App. 1987). In other words, the jurisdiction *Page 328 
of the trial court is determined by compliance with these statutory time periods.
As we said in Lambert v. Alabama Real EstateCommission, 490 So.2d 18 (Ala.Civ.App. 1986), the review procedure of the act is in two parts. The first part requires that a notice of appeal be filed with the Agency within thirty days of its decision. § 41-22-20(d), Code 1975 (1987 Cum.Supp.). The second part requires that a petition for review be filed in the circuit court within thirty days of the filing of the notice of appeal. § 41-22-20(d), Code 1975 (1987 Cum.Supp.). This code section also authorizes the circuit court to extend the time for filing the review petition for a period not to exceed four months. However, section 41-22-20, Code 1975 (1987 Cum.Supp.), does not authorize an extension of time for filing the notice of appeal with the Agency. Consequently, the trial court was without authority to extend the time for filing the notice of appeal with the Agency. Since Ms. Anthony did not file her notice of appeal within thirty days of the Agency decision, the trial court was without authority to rule on the summary judgment motions. The trial court should have granted the Agency's motion to dismiss Ms. Anthony's petition for review. For this error the trial court's judgment is reversed and the cause is remanded for entry of judgment consistent with this opinion.
Since we have reversed the summary judgment which was issued in favor of Ms. Anthony, we pretermit a discussion of whether the trial court erred in failing to list its reasons for reversing the Agency's decision.
REVERSED AND REMANDED WITH DIRECTIONS.
HOLMES and INGRAM, JJ., concur.