L. CHARLES WRIGHT, Retired Appellate Judge.
This is an appeal from an administrative decision of the Alabama Alcoholic Beverage Control Board (the ABC Board).
*758 In May 1993 the ABC Board notified East Colbert Store, Inc., that it was being charged with the offense of selling alcoholic beverages to a minor. East Colbert Store pleaded guilty to the offense. By letter dated June 15,1993, East Colbert Store was notified that its license to sell alcohol would be suspended for 365 days. The letter further provided:
“This suspension will begin on August 1, 1993, and end at the close of business on July 31, 1994. There is a thirty-day time limit (from date of receipt of this letter) allowed for any appeal to circuit court.”
The record reflects that East Colbert Store received the letter on June 21, 1993. On July 20, 1993, it filed an appeal with the Circuit Court of Montgomery County, requesting a review of the proceeding and an order reinstating its license.
The ABC Board filed a motion to dismiss, alleging that the appeal was untimely filed, in that it was not filed with the ABC Board within 30 days of notice of the suspension, in accordance with the Alabama Administrative Procedure Act (AAPA), § 41-22-20(b), Code 1975. Section 41-22-20(b), provides, in pertinent part, the following:
“(b) Except in matters for which judicial review is otherwise provided for by law, all proceedings for review shall be instituted by filing of notice of appeal or review and a cost bond, with the agency....”
In opposition to the ABC Board’s motion, East Colbert Store argued that it was following the dictates of the June 15, 1993, notice and ABC Board regulation 20-X-3-.01(9) when it filed its appeal with the Circuit Court of Montgomery County. ABC Board regulation 20-X-3-.01(9) provides the following:
“A party aggrieved by the final decision of the Board may file a notice of appeal or review in Circuit Court within thirty (30) days after receipt of the decision of the Board. Statutory Authority: Sections 28-3A-24 and 28-3-49, Code of Alabama, 1975.”
The dispositive issue before the trial court was whether the ABC Board regulation or the AAPA controlled the method of review. The trial court determined the AAPA to be controlling and dismissed the appeal.
East Colbert Store filed a motion to alter, amend, or vacate, requesting that the court consider the doctrine of equitable estoppel. The court denied the motion. East Colbert Store appeals.
We agree with the trial court that the provisions of the AAPA prevail in any case of conflict between the statute and an agency regulation. Ex parte State Department of Human Resources, 548 So.2d 176 (Ala.1988). Therefore, in order to properly appeal a decision of the ABC Board, the appellant must initially file a “notice of appeal or review and a cost bond, with the agency.” § 41-22-20(b). East Colbert Store failed to do so.
In this instance, however, East Colbert Store justifiably relied on the process of appeal which was espoused in the ABC Board’s June 15, 1993, notice of suspension. The process contained in the notice was based on ABC Board regulation 20-X-3-.01(9). East Colbert Store, relying on the notice, filed an appeal with the Circuit Court of Montgomery County within the prescribed time frame. The ABC Board then used its misrepresentation of the process in an attempt to deny East Colbert Store an appeal to a court of law.
Under similar circumstances, our supreme court has imposed the doctrine of equitable estoppel. Ex parte State Department of Human Resources; Ex parte Four Seasons, Ltd., 450 So.2d 110 (Ala.1984). We find the imposition of the doctrine to be warranted here.
The judgment of the trial court is reversed, and the cause is remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
All the Judges concur.