670 So.2d 45 (1995)
Ex parte CRESTWOOD HOSPITAL AND NURSING HOME, INC.
(Re Ex parte CRESTWOOD HOSPITAL AND NURSING HOME, INC. (Re HEALTH CARE AUTHORITY OF the CITY OF HUNTSVILLE d/b/a Huntsville Hospital v. STATE HEALTH PLANNING AGENCY and Crestwood Hospital and Nursing Home, Inc.).
1940350.
Supreme Court of Alabama.
September 8, 1995.
Justice D. Smyth III of Robison & Belser, P.A., Montgomery, for Petitioner.
Joe W. Campbell of Lanier, Ford, Shaver & Payne, P.C., Huntsville, for Health Care Authority of City of Huntsville d/b/a Huntsville Hospital.
*46 SHORES, Justice.
The Alabama State Health Planning Agency (SHPA) has granted a certificate of need (CON) to Crestwood Hospital and Nursing Home, Inc. (Crestwood), for the establishment and operation of an alternative birthing center in Huntsville, Alabama. The Health Care Authority of the City of Huntsville, d/b/a Huntsville Hospital, contested the granting of a CON to Crestwood and filed a petition for judicial review with the Circuit Court of Madison County. Crestwood petitioned the Court of Civil Appeals for a writ of mandamus directing the circuit judge to dismiss the action in the circuit court on the grounds that Huntsville Hospital had failed to exhaust its administrative remedies. Under the Alabama Administrative Procedure Act (AAPA) §§ 41-22-1 through -27, Ala. Code 1975, the exhaustion of administrative remedies is a jurisdictional prerequisite to filing an action. The Court of Civil Appeals denied the mandamus petition. Ex parte Crestwood Hospital & Nursing Home, Inc., 670 So.2d 43 (Ala.Civ.App.1994). We have granted certiorari review.
In October 1991, Crestwood applied for a CON. In December, Huntsville Hospital requested "contested case" status, pursuant to the provisions of the AAPA and § 410-1-8.02 of the SHPA Rules and Regulations. A contested case was heard before an administrative law judge (ALJ) in Montgomery in October 1992. The ALJ forwarded a recommended order to the CON Review Board, which adopted the ALJ's recommendations and approved Crestwood Hospital's application.
Huntsville Hospital then filed simultaneous requests for "reconsideration" and for a "fair hearing" with the SHPA. The CON Review Board denied the request for reconsideration, and, on May 21, 1993, Huntsville Hospital filed a renewed request for a fair hearing, and also filed a notice of appeal. On June 18, 1993, Huntsville Hospital filed petitions for judicial review in Madison and Montgomery Counties; these actions were consolidated in the Circuit Court of Madison County. Crestwood Hospital moved to dismiss the consolidated actions pending in Madison County.
The trial judge set the motion to dismiss for a hearing on August 27, 1993. The parties then received notice that the fair hearing was set for August 25, 1993. The circuit court action was placed on the inactive docket, pending the final decision of the fair hearing officer. On September 30, 1993, the fair hearing officer issued an order (filed with SHPA on October 1, 1993) affirming the CON Review Board's approval of Crestwood's application for a CON. Pursuant to § 41-22-20(d), Huntsville Hospital could have appealed this final decision of the agency, but it did not.
The circuit court action was then placed on the active docket. Crestwood moved to dismiss, claiming the circuit court lacked subject matter jurisdiction because, it said, Huntsville Hospital had failed to exhaust its administrative remedies. On February 14, 1994, the trial court denied Crestwood's motion. Subsequently, Crestwood petitioned the Court of Civil Appeals for a writ of mandamus ordering the circuit court to dismiss the case.
The Court of Civil Appeals denied the writ. It based its denial on SHPA Rules and Regulations, § 410-1-8-.16, which states that "[a] fair hearing shall not be deemed a remedy which must be exhausted as a condition to judicial review." The Court of Civil Appeals held that Huntsville Hospital's filing of a notice of appeal before the issuance of the fair hearing officer's final order was proper and that the circuit court had subject matter jurisdiction over the appeal. We must consider whether the Court of Civil Appeals erred in so holding.
Mandamus is an extraordinary remedy. It requires a showing that there is: "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991); Ex parte Johnson, 638 So.2d 772, 773 (Ala.1994).
The AAPA clearly states that one seeking judicial review must first exhaust all administrative *47 remedies, and Alabama case law has so held:
"AMC first asserts that the circuit court lacked jurisdiction to hear East Alabama's appeal because it contends that East Alabama failed to exhaust its administrative remedies prior to filing its action in the circuit court. The Alabama Administrative Procedure Act (AAPA), §§ 41-22-1 through -27, Ala.Code 1975, provides at § 41-22-20(a) that `[a] person who has exhausted all administrative remedies available within the agency (other than rehearing) and who is aggrieved by a final decision in a contested case is entitled to judicial review....'
"Moreover, § [XX-XX-XXX] states:
"[SHPDA `Rules and Regulations governing review procedures shall include, but not necessarily be limited to, the following:']
"`[ (14) ] Provisions that any adverse decision may be appealed to an agency of the state (other than the SHPDA) designated by the governor. The appeal proceedings shall be conducted pursuant to the requirement of the state of Alabama, regulations adopted under this article and federal regulations. Request for a fair hearing by the applicant shall be made within 30 days of the decision by the state agency and shall have the effect of holding in abeyance the decision subject to the outcome of the fair hearing. The decision of the appeals agency shall be considered the final decision of the state agency; provided that the applicant may appeal the decision to the circuit court ....'
[Emphasis original.]
"AMC asserts that East Alabama failed first to request a `fair hearing' following the reinstatement of AMC's CON and prior to East Alabama's appeal in the circuit court and, consequently, that it failed to exhaust its administrative remedies. We agree."
Auburn Medical Center, Inc. v. East Alabama Health Care Auth., Inc., 583 So.2d 1342, 1345-46 (Ala.Civ.App.), writ quashed, 583 So.2d 1346 (Ala.1991); Methodist Homes for the Aging Corp., 594 So.2d 161, 163 (Ala. Civ.App.1992).
It is settled law that the provisions of a statute will prevail in any case in which there is a conflict between the statute and a state agency regulation. Ex parte Jones Manufacturing Co., 589 So.2d 208, 210 (Ala. 1991); Ex parte State Department of Human Resources, 548 So.2d 176, 178 (Ala.1988); West Point Pepperell, Inc. v. State Dep't of Revenue, 624 So.2d 579, 581 (Ala.Civ.App. 1992).
"It is axiomatic that administrative rules and regulations must be consistent with the constitutional or statutory authority by which their promulgation is authorized. See C. Sands, Sutherland Statutory Construction § 31.02 (4th ed. 1973): "A regulation... which operates to create a rule out of harmony with the statute, is a mere nullity." Lynch v. Tilden Produce Co., 265 U.S. 315, 44 S.Ct. 488, 68 L.Ed. 1034 (1924). This is because an administrative board or agency is purely a creature of the legislature, and has only those powers conferred upon it by its creator. Woodruff v. Beeland, 220 Ala. 652, 127 So. 235 (1930)."
Ex parte City of Florence, 417 So.2d 191, 193-94 (Ala.1982). An administrative agency cannot usurp legislative powers or contravene a statute. Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11, 14 (1947).
The AAPA provides that after the issuance of the agency's final order, which in this case came on September 30, 1993, a notice of appeal or review and an accompanying cost bond must be filed with the relevant agency before the filing of a petition for judicial review. § 41-22-20(b), Ala.Code 1975. There is no dispute that Huntsville Hospital failed to file a notice of appeal and a cost bond with the State agency pursuant to this statute.
SHPA Rules and Regulations, § 410-1-8.16, providing that "[a] fair hearing shall not be deemed a remedy that must be exhausted as a condition to judicial review," clearly conflicts with the AAPA and with case law. Thus, the Court of Civil Appeals erred in holding that the SHPA regulation provides a justification for Huntsville Hospital's failure *48 to properly file a notice of appeal and to exhaust its administrative remedies before seeking review in the circuit court. Appeals from decisions of administrative agencies are purely statutory, and the time periods provided by the statute must be strictly observed. State Medicaid Agency v. Anthony, 528 So.2d 326, 328 (Ala.Civ.App.1988), citing Davis v. Alabama Medicaid Agency, 519 So.2d 538 (Ala.Civ.App.1987).
For the reasons stated above, the petitioner is entitled to a writ of mandamus directing the circuit judge to dismiss the case. The judgment of the Court of Civil Appeals denying that writ is reversed, and the case is remanded to that court.
REVERSED AND REMANDED.
MADDOX, ALMON, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.