Sumathi Paturu, M.D., appeals from a judgment of the Montgomery Circuit Court dismissing her appeal from the decision of the Medical Licensure Commission *Page 1123 
of Alabama ("the Commission") revoking her license to practice medicine in Alabama. We affirm the trial court's judgment.
On June 1, 2006, the Commission entered an order revoking Dr. Paturu's license to practice medicine in Alabama. On August 1, 2006, Dr. Paturu filed a petition for judicial review of the Commission's decision in the Montgomery Circuit Court. She amended her petition on August 8, 2006. On September 8, 2006, the Commission moved the circuit court to dismiss Dr. Paturu's appeal for her failure to file a notice of appeal with the Commission within 30 days of her receipt of the Commission's decision. The Commission attached a copy of the return-receipt card signed by Dr. Paturu indicating that she had been served with a copy of the June 1, 2006, decision on June 6, 2006. Although Dr. Paturu submitted two responses to the Commission's motion to dismiss, she did not dispute the Commission's allegation that she had failed to file a notice of appeal within 30 days. After conducting a hearing on the motion to dismiss, the trial court entered a judgment on December 7, 2006, dismissing Dr. Paturu's appeal for her failure to file a timely notice of appeal. Dr. Paturu filed a postjudgment motion on January 5, 2007; the circuit court denied the postjudgment motion on January 25, 2007. Dr. Paturu filed her notice of appeal to this court on February 5, 2007.
On appeal to this court, Dr. Paturu argues that the circuit court should have excused her failure to file a timely notice of appeal with the Commission because, she says, the Commission did not inform her that she had 30 days in which to file her notice of appeal with the agency. She cites East ColbertStore, Inc. v. Alabama Alcoholic Beverage Control Board,661 So.2d 757 (Ala.Civ.App. 1994), in support of her argument. The facts of that case, however, are readily distinguishable from the facts of the present case.
In East Colbert Store, supra, East Colbert Store, Inc., failed to file a notice of appeal with the Alabama Alcoholic Beverage Control Board from the Board's decision suspending East Colbert Store's license to sell alcohol. East Colbert Store had, however, filed a notice of appeal with the Montgomery Circuit Court within 30 days of its receipt of the Board's decision. After the notice of appeal was filed in the circuit court, the Board filed a motion to dismiss alleging that East Colbert Store had failed to file a timely notice of appeal with the Board. The circuit court granted the Board's motion to dismiss.
On appeal to this court, East Colbert Store argued that, relying on the language in the Board's letter of notification of its suspension and Ala. Admin. Code (ABC Board), Rule20-X-3-.01(9), it had determined that filing the notice of appeal in the circuit court within 30 days was sufficient to perfect a timely appeal.[1] This court noted that the Board's letter notifying East Colbert Store of its decision to suspend East Colbert Store's license to sell alcohol stated: "`This suspension will begin on August 1, 1993, and end at the close of business on July 31, 1994. There is a thirty-day time limit (from date of receipt of this letter) allowed for any appeal to circuit court.'" 661 So.2d at 758. At the time East ColbertStore was decided, Ala. Admin. Code (ABC Board), Rule20-X-3-.01(9), provided: "`A party aggrieved by the final decision of the Board may file a notice of appeal or reviewin *Page 1124 Circuit Court within thirty (30) days after receipt of the decision of the Board.'" 661 So.2d at 758
(emphasis added). Therefore, this court stated:
 "East Colbert Store justifiably relied on the process of appeal which was espoused in the ABC Board's . . . notice of suspension. The process contained in the notice was based on ABC Board regulation 20-X-3-.01(9). East Colbert Store, relying on the notice, filed an appeal with the Circuit Court of Montgomery County within the prescribed time frame. The ABC Board then used its misrepresentation of the process in an attempt to deny East Colbert Store an appeal to a court of law."
East Colbert Store, 661 So.2d at 758. Because East Colbert Store relied on the Board's misrepresentation in filing its notice of appeal with the circuit court, this court applied the doctrine of equitable estoppel and held that the circuit court should have denied the Board's motion to dismiss.
In the present case, however, Dr. Paturu does not allege that the Commission misrepresented the process for appeal of its decision. Therefore, the doctrine of equitable estoppel has no application to this case. See, e.g., Davis v. AlabamaMedicaid Agency, 519 So.2d 538 (Ala.Civ.App. 1987). Dr. Paturu, instead, submits that the Commission should have apprised her of the process for appeal. Dr. Paturu, however, cites no authority providing that the Commission had a duty to inform her of the process to appeal from its decision.
 "Appeals from decisions of administrative agencies are statutory, and the time periods provided for the filing of notice of appeals and petitions must be strictly observed. Ex parte Crestwood Hospital Nursing Home, Inc., 670 So.2d 45
(Ala. 1995).
 "Section 41-22-20(b), Ala. Code 1975, states, in pertinent part, as follows:
 "`(b) Except in matters for which judicial review is otherwise provided for by law, all proceedings for review shall be instituted by filing of notice of appeal or review and cost bond, with the agency.'
 "Section 41-22-20(d) specifies that the notice of appeal shall be filed within 30 days of receipt of the agency's final decision or, if a rehearing is requested, within 30 days after the decision on the rehearing."
Eitzen v. Medical Licensure Comm'n of Alabama,709 So.2d 1239, 1240 (Ala.Civ.App. 1998).
Because Dr. Paturu failed to file a notice of appeal with the Commission within 30 days of her receipt of the administrative order revoking her license, the circuit court did not err in dismissing her appeal.[2] Accordingly, we affirm the trial court's judgment. See Davis, 519 So.2d at 538-40
(affirming circuit court's dismissal of an appeal from the decision of administrative agency for failure to file a timely notice of appeal with the agency).
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
[1] The version of Ala. Admin. Code (ABC Board), Rule20-X-3-.01, that was in effect when East Colbert Store
was decided has been repealed. A new version of Rule 20-X-3-.01
was adopted effective October 16, 1998.
[2] We note that had Dr. Paturu filed her petition for judicial review and served the Commission within 30 days, we would have treated the petition as an effective notice of appeal. See Eley v. Medical Licensure Comm'n ofAlabama, 904 So.2d 269 (Ala.Civ.App. 2003). However, the record shows that Dr. Paturu did not file her petition until 61 days after entry of the order suspending her license and 56 days after she received notice of the order. *Page 1125