PER CURIAM.
 

 The State Department of Public Safety (“the Department”) notified Calvin B. Krawczyk by letter that he was subject to the Community Notification Act (“the CNA”), § 15-20-20 et seq., Ala.Code 1975. Krawczyk sought administrative review of that decision. That review was subject to the provisions of the Alabama Administrative Procedure Act (“the AAPA”), § 41-22-1 et seq., Ala.Code 1975, which governs contested cases involving actions of state agencies in enforcing statutes and agency
 
 *1036
 
 rules.
 
 See
 
 § 41-22-3(3), Ala.Code 1975 (defining a “contested case,” in part, as “[a] proceeding ... in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing”);
 
 see also
 
 § 15-20-38, Ala.Code 1975 (requiring the Department to promulgate rules and hearing procedures for those individuals subject to the CNA).
 

 On September 22, 2004, the administrative law judge assigned to the case entered an order finding that the CNA did not apply to Krawczyk. On October 4, 2004, the Department filed a motion asking the administrative law judge to “reconsider” his September 22, 2004, decision. Section 41-22-17 of the AAPA governs motions seeking a rehearing, or reconsideration, of an administrative law judge’s decision.
 
 See also
 
 Rule 81(b), Ala. R. Civ. P. (the Rules of Civil Procedure do not apply to administrative proceedings). For the purposes of this opinion, we refer to the Department’s October 4, 2004, motion filed pursuant to § 41-22-17(a) as a motion for a rehearing. Section 41-22-17(a) requires that a motion seeking a rehearing of an administrative law judge’s decision be filed within 15 days of the entry of the decision. The Department’s motion for a rehearing was filed 12 days after the entry of the September 22, 2004, order, and, therefore, that motion was timely filed under § 41-22-17(a).
 

 With regard to the length of time that a motion seeking reconsideration or rehearing of an administrative law judge’s decision may remain pending, § 41-22-17 specifies:
 

 “(e) Within 30 days from the filing of an application the agency may in its discretion enter an order:
 

 “(1) Setting a hearing on the application for a rehearing which shall be heard as soon as practicable; or
 

 “(2) With reference to the application without a hearing; or
 

 “(3) Granting or denying the application.
 

 “If the agency enters no order whatsoever regarding the application within the 30-day period, the application shall be deemed to have been denied as of the expiration of the 30-day period.”
 

 The record on appeal indicates that the administrative law judge did not enter any order specified under subsection (e) of § 41-22-17 within 30 days of the filing of the October 4, 2004, motion for a rehearing. Rather, on December 6, 2004, the administrative law judge purported to enter an order denying the Department’s motion. However, the Department’s motion for a rehearing had been denied by operation of law pursuant to § 41-22-17(e) on November 3, 2004, 30 days after the Department had filed that motion. The December 6, 2004, order was entered after the administrative law judge had lost jurisdiction to rule on the Department’s motion for a rehearing, and, therefore, that order was a nullity.
 

 The AAPA specifies that a party may appeal a decision of the administrative law judge to the circuit court of the county in which an agency has its headquarters or to the Montgomery Circuit Court (hereinafter “the trial court”). § 41-22-20(b), Ala. Code 1975;
 
 State Pers. Bd. v. State Dep’t of Mental Health & Mental Retardation,
 
 694 So.2d 1367, 1372 (Ala.Civ.App.1996) (the department, as a party to the administrative proceeding, has the right to appeal to the trial court). With regard to the timing of an appeal of an administrative decision to a circuit court, the AAPA provides:
 

 “The notice of appeal or review [from an administrative order] shall be filed within 30 days after the receipt of the
 
 *1037
 
 notice of or other service of the final decision of the agency upon the petitioner or, if a rehearing is requested under Section 41-22-17, within 30 days after the receipt of the notice of or other service of the decision of the agency thereon.”
 

 § 41-22-20(d), Ala.Code 1975.
 

 Pursuant to § 41-22-20(d), the Department was required to file its notice of appeal within 30 days of when the decision of the administrative law judge became final; a timely filing under § 41-22-20(d) is jurisdictional. § 40-22-20(d);
 
 Eit-zen v. Medical Licensure Comm’n of Alabama,
 
 709 So.2d 1239, 1240 (Ala.Civ.App. 1998) (when the aggrieved party failed to file a notice of appeal, he “did not properly invoke the jurisdiction of the trial court and ... the trial court did not have jurisdiction to enter a judgment”);
 
 Ex parte Crestwood Hosp. & Nursing Home, Inc.,
 
 670 So.2d 45, 48 (Ala.1995) (failure to timely appeal under the AAPA was not justified by an interpretation of an agency regulation because “[ajppeals from decisions of administrative agencies are purely statutory, and the time periods provided by the statute must be strictly observed”);
 
 State Dep’t of Human Res. v. Funk,
 
 651 So.2d 12, 15 (Ala.Civ.App.1994) (holding that the timely filing of a notice of appeal of an administrative decision pursuant to § 41-22-20 of the AAPA is jurisdictional but that the timely posting of a security bond for such an appeal was not jurisdictional);
 
 State Medicaid Agency v. Anthony,
 
 528 So.2d 326, 327-28 (Ala.Civ.App. 1988) (“[T]he jurisdiction of the trial court is determined by compliance with [the AAPA’s] statutory time periods.”). In this case, the administrative law judge’s decision became final on November 3, 2004, when the Department’s rehearing motion was denied by operation of law pursuant to § 41-22-17(e). The Department was required to have filed its notice of appeal by December 3, 2004, which is 30 days after November 3, 2004. § 40-22-20(d);
 
 Eitzen v. Medical Licensure Comm’n of Alabama,
 
 supra;
 
 State Medicaid Agency v. Anthony,
 
 supra;
 
 Ex parte Crestwood Hosp. & Nursing Home, Inc.,
 
 supra;
 
 State Dep’t of Human Res. v. Funk,
 
 supra; and
 
 Patura, v. Medical Licensure Comm’n of Alabama,
 
 981 So.2d 1122, 1124 (Ala.Civ. App.2007). The Department filed its notice of appeal to the trial court of the administrative law judge’s decision on January 4, 2005, well outside the time allowed by the provisions of the AAPA. The trial court purported to enter a judgment reversing the administrative law judge’s decision on October 23, 2007. However, because the notice of appeal to that court from the administrative law judge’s decision was untimely filed, the trial court never obtained jurisdiction over this matter, and the judgment it purported to enter on October 23, 2007, was a nullity.
 
 See Ex parte Punturo,
 
 928 So.2d 1030, 1034 (Ala.2002) (“A judgment issued by a trial court without jurisdiction is a nullity.”); and
 
 J.B. v. A.B.,
 
 888 So.2d 528, 532 (Ala. Civ.App.2004) (same).
 

 A void judgment will not support an appeal.
 
 Eagerton v. Second Econ. Dev. Coop. Dist. of Lowndes County,
 
 909 So.2d 783, 788 (Ala.2005). Accordingly, because we conclude that the trial court’s October 23, 2007, judgment was void, we must dismiss Krawczyk’s appeal. In reaching our holding in this case, we make no finding with regard to the propriety of the administrative law judge’s decision.
 

 APPEAL DISMISSED.
 

 All the judges concur.