PER CURIAM.
Noland Health Services, Inc., and its subsidiary, Long Term Hospital of Huntsville, LLC (hereinafter referred to collectively as “Noland”), appeal part of the Montgomery Circuit Court’s decision in Noland’s declaratory-judgment action against the State Health Planning and Development Agency (“SHPDA”); Select Medical Corporation and its subsidiary, Select Specialty Hospital-Huntsville, Inc. (hereinafter referred to collectively as “Select”); and HealthSouth Corporation and its subsidiary, HealthSouth LTCH of Huntsville, Inc. (hereinafter referred to collectively as “HealthSouth”). We affirm in part and reverse in part.

Facts and Procedural History

In 2004, Noland, Select, and Health-South filed competing applications with SHPDA for a certificate of need (“CON”) to provide a new health-care facility in Huntsville. Pursuant to SHPDA’s regulations, each applicant timely intervened and requested contested-case proceedings concerning the other applicants’ projects. The competing applications were consolidated by the administrative law judge assigned to conduct the contested-case hearing under § 22-21-275(6), Ala.Code 1975.
Under § 22-21-275(3), Ala.Code 1975, once SHPDA determines that an application for a CON is complete and notification of that fact is made to the applicant, SHPDA’s Certificate of Need Review Board (“CONRB”) must complete its review of the application and make a decision within 90 days, but SHPDA may extend the review period for 30 days without the consent of the applicant, and the review period may be extended without limitation with the written consent of the applicant. Also, in accordance with SHPDA’s longstanding practice and its interpretation of its own rules, SHPDA suspends the 90-day review period from the date a request *1076 is made for “contested-case” proceedings to the date the administrative law judge files his or her recommendation with SHPDA. Under § 22-21-275(3), Ala.Code 1975, “[i]f the state agency does not make a decision within the period of time specified for state agency review, the proposal shall be deemed to have been found not to be needed.”
In the present situation, the 90-day review period for each project would have terminated within the 30 days immediately preceding the CONRB’s scheduled monthly meeting on January 18, 2006. However, SHPDA extended the review period in accordance with § 22-21-275(3) and placed the matter on the agenda for the January 2006 CONRB meeting. At the commencement of the January meeting, the CONRB determined that, because of the recusal of some of the members, there was not a quorum present to consider the applications. See Ex parte Shelby Med. Ctr., Inc., 564 So.2d 63, 66-67 (Ala.1990) (holding that approval of a CON by SHPDA requires approval by a majority of a quorum of the agency’s nine-member CONRB (citing §§ 41-22-15 and 41-22-3(8), Ala.Code 1975)). With the consent of each applicant on the record, the matter was continued to the next scheduled meeting of the CONRB, which was on February 15, 2006. However, at the February meeting, the CONRB was again unable to convene a quorum to consider the applications. Written consent of the applicants to extend the review period further was not obtained. SHPDA then placed consideration of the applications on the agenda for the CONRB meeting scheduled for March 2006, but the CONRB was again unable to convene a quorum to consider the applications at that meeting.
On April 4, 2006, Select’s counsel wrote a letter to SHPDA’s executive director, Alva Lambert, requesting that all three applications be deemed denied by SHPDA because a majority of the CONRB’s members had recused themselves and the agency had failed to make a decision during the period specified for state-agency review under the applicable statutes and regulations.
On May 12, 2006, Noland sued SHPDA, Select, and HealthSouth, requesting a judgment declaring that each of the applications was deemed denied as a result of the failure of the CONRB to make a decision within the applicable period for review and that the time within which any of the applicants could have requested judicial review of the denial of the applications had expired, making any appeal of such denials untimely. Noland also requested that the circuit court enter an injunction staying any further consideration of the applications by the CONRB.
After conducting a hearing and reviewing written submissions, the circuit court, on May 15, 2007, held that “the applications are denied as a matter of law due to the failure and continuing inability of the CONRB to convene a quorum to consider the cases and that the CONRB is without power to take any action in this case in the absence of a quorum, including issuance of a ‘final order.’” None of the parties appealed that holding. However, the circuit court further held that “all applicable appellate deadlines to [the] Circuit Court run from the date of [this] order.” Noland appeals that holding.
On June 16, 2009, HealthSouth voluntarily withdrew its CON application and its intervention in Noland’s and Select’s CON applications. Accordingly, on June 18, 2009, Noland moved this Court to dismiss HealthSouth from this appeal, and on June 24, 2009, HealthSouth moved this Court to dismiss it from this appeal. On June 26, 2009, this Court granted the motions and *1077 dismissed the appeal only as to Health-South.

Standard of Review

Our standard of review is de novo: “Because the issues presented by [this appeal] concern only questions of law involving statutory construction, the standard of review is de novo. See Taylor v. Cox, 710 So.2d 406 (Ala.1998).” Whitehurst v. Baker, 959 So.2d 69, 70 (Ala.2006).

Discussion

On appeal, Noland has raised an issue of first impression regarding the interpretation of § 41-22-20(d), Ala.Code 1975, which provides for judicial review in the circuit court of an agency’s decision in a contested case. Section 41 — 22—20(d) provides, in part: “The notice of appeal or review shall be filed within 30 days after the receipt of the notice of or other service of the final decision of the agency upon the petitioner or, if a rehearing is requested under Section 41-22-17, within 30 days after the receipt of the notice of or other service of the decision of the agency thereon.”
Noland argues that no action was required by SHPDA to trigger the running of the 30-day period under § 41-22-20(d) for filing a notice of appeal and that the circuit court erred in holding that the time for filing a notice of appeal began to run on the date of the circuit court’s order. Noland contends that the time for filing the notice of appeal began to run when the applications were denied by operation of law and that the time for filing the notice of appeal had already expired when the circuit court issued its order. Select responds that under the Alabama Administrative Procedure Act (“AAPA”), § 41-22-1 et seq., Ala.Code 1975, an administrative agency has a mandatory duty to issue a final written order and to serve it on all affected parties and that the right to appeal an adverse administrative decision arises on the date the agency issues its final written order and serves it on all affected parties, not on the date the agency makes its final decision. Specifically, Select argues that the 30-day period under § 41-22-20(d) for filing a notice of appeal cannot begin to run until the parties receive a final written order.
In City of Bessemer v. McClain, 957 So.2d 1061 (Ala.2006), this Court reviewed the rules of statutory construction:
“When interpreting a statute, a court must first give effect to the intent of the legislature. BP Exploration & Oil, Inc. v. Hopkins, 678 So.2d 1052 (Ala.1996).
“ ‘The fundamental rule of statutory construction is that this Court is to ascertain and effectuate the legislative intent as expressed in the statute. League of Women Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974). In this ascertainment, we must look to the entire Act instead of isolated phrases or clauses; Opinion of the Justices, 264 Ala. 176, 85 So.2d 391 (1956).’
“Darks Dairy, Inc. v. Alabama Dairy Comm’n, 367 So.2d 1378, 1380 (Ala.1979) (emphasis added). To discern the legislative intent, the Court must first look to the language of the statute. If, giving the statutory language its plain and ordinary meaning, we conclude that the language is unambiguous, there is no room for judicial construction. Ex parte Waddail, 827 So.2d 789, 794 (Ala.2001). If a literal construction would produce an absurd and unjust result that is clearly inconsistent with the purpose and policy of the statute, such a construction is to be avoided. Ex parte Meeks, 682 So.2d 423 (Ala.1996).
“ ‘There is also authority for the rule that uncertainty as to the meaning of *1078 a statute may arise from the fact that giving a literal interpretation to the words would lead to such unreasonable, unjust, impracticable, or absurd consequences as to compel a conviction that they could not have been intended by the legislature.’
“73 Am.Jur.2d Statutes § 114 (2001) (footnotes omitted).”
957 So.2d at 1074-75.
Select relies on § 41-22-16(a), Ala.Code 1975, for its contention that SHPDA had a mandatory duty to issue a final written order in the present case. Section 41-22-16(a) provides:
“(a) The final order in a proceeding which affects substantial interests shall be in writing and made a part of the record and include findings of fact and conclusions of law separately stated, and it shall be rendered within 30 days:
“(1) After the hearing is concluded, if conducted by the agency;
“(2) After a recommended order, or findings and conclusions are submitted to the agency and mailed to all parties, if the hearing is conducted by a hearing officer; or
“(3) After the agency has received the written and oral material it has authorized to be submitted, if there has been no hearing. The 30 day period may be waived or extended with the consent of all parties and may be extended by law with reference to specific agencies.”
In Ex parte Nixon, 729 So.2d 277, 279-80 (Ala.1998), this Court held that the provision of § 41-22-16(a) declaring that the final written order “shall” be rendered within 30 days is mandatory but not jurisdictional.
Select appears to argue that the appropriate remedy in the present case would have been for the parties to seek a court order under § 41 — 22—20(f), Ala.Code 1975, compelling SHPDA’s executive director to comply with § 41-22-16(a) and to issue a final written order. Section 41 — 22—20(f) provides:
“Unreasonable delay on the part of an agency in reaching a final decision shall be justification for any person whose rights, duties, or privileges are adversely affected by such delay to seek a court order compelling action by the agency.”
However, Select recognizes that in the present case SHPDA took the position that the CONRB would never be able to take any action, including issuing a final written order, because the CONRB could not convene a quorum as a result of the recusal of a majority of its members. The circuit court agreed with SHPDA’s position, and Select does not appeal that holding. Instead, Select contends that “the fact that the circuit court chose to enter the order itself is immaterial.” Select’s brief, at 12. Select further contends that, “[rjegardless of whether the circuit court or SHPDA issued the final written order confirming that the CON applications had been ‘deemed denied,’ the deadline for the parties to appeal ran from their ‘receipt’ of the order pursuant to Alabama Code [1975,] § 41-22-20(d).” Id. However, as the following discussion will demonstrate, it is material that the circuit court chose to enter the final order itself and to set the date for the commencement of the 30-day period for filing a notice of appeal because in doing so the circuit court exceeded its authority.
First, § 41-22-16(a) assumes that the administrative agency has the ability to act and to issue a final written order; the statute does not contemplate a situation in which a CON application is denied by operation of law under § 22-21-275(3), Ala. Code 1975, as a result of the CONRB’s inability to act within a specified period. *1079 In the present case, as the circuit court found, SHPDA was without power to take any action, including issuing a final order, after the expiration of the 90-day period, as extended. Therefore, § 41-22-16(a) is inapplicable to the present situation.
In the present case, as all the remaining parties and the circuit court appear to agree, the CON applications were denied by operation of law when SHPDA failed to make a decision within the applicable period for review. At that point, the decision was final and thus ripe for judicial review. The real issue is whether Select is correct in arguing that, under § 41-22-20(d), “receipt of the notice of or other service of the final decision of the agency upon the petitioner” means that the parties must receive a written final order before the 30-day period for filing a notice of appeal of the agency’s decision begins to run.
We hold that Select’s interpretation of § 41-22-20(d) does not reflect legislative intent and is not supported by the plain language of the statute. First, that statute states nothing about a written order. Furthermore, such an interpretation would produce an absurd result. By arguing that the 30-day appeal period did not run and could not begin to run until SHPDA issued a final written order, Select in effect argues that it had an unlimited period in which to seek judicial review of SHPDA’s decision. The CONRB did not have the power to take any action concerning the applications without a quorum, including issuing a final written order; thus, it could not be compelled to act by a court order-issued under § 41-22-20(f). There is no indication that the CONRB would ever be able to issue a final written order. Therefore, if the 30-day period for filing a notice of appeal from SHPDA’s decision cannot begin to run until a final written order is issued, the applicants in the present case could have waited 30 years after the decision became final by operation of law and then filed a notice of appeal. Such a result is absurd and contrary to one of the purposes of the AAPA, which is to ensure that final administrative decisions in contested cases are not unreasonably delayed. Nixon, 729 So.2d at 279. A more reasonable conclusion is that § 22-21-275(3) put Select on notice that if SHPDA did not make a decision within the period specified for review, the applications would be denied by operation of law and the time for filing a notice of appeal from that denial would commence.
Moreover, not only did the CONRB not have the power to act without a quorum, SHPDA lost jurisdiction to take any action on the applications after the applications were denied by operation of law; thus, it no longer had the power to issue a final written order. The Court of Civil Appeals addressed a similar situation in Krawczyk v. State Department of Public Safety, 7 So.3d 1035 (Ala.Civ.App.2008). In Krawczyk, the Department of Public Safety sought judicial review of an administrative law judge’s finding that the Community Notification Act (“CNA”) did not apply to Calvin B. Krawczyk. The Court of Civil Appeals set forth the procedural history of the case and held that the circuit court’s judgment purporting to reverse the administrative law judge’s decision was a nullity:
“On September 22, 2004, the administrative law judge assigned to the case entered an order finding that the CNA did not apply to Krawczyk. On October 4, 2004, the Department [of Public Safety] filed a motion asking the administrative law judge to ‘reconsider’ his September 22, 2004, decision. Section 41-22-17 of the AAPA governs motions seeking a rehearing, or reconsideration, of an administrative law judge’s decision .... For the purposes of this opinion, we refer to the Department’s Octo *1080 ber 4, 2004, motion filed pursuant to § 41-22-17(a) as a motion for a rehearing. Section 41-22-17(a) requires that a motion seeking a rehearing of an administrative law judge’s decision be filed within 15 days of the entry of the decision. The Department’s motion for a rehearing was filed 12 days after the entry of the September 22, 2004, order, and, therefore, that motion was timely filed under § 41-22-17(a).
“With regard to the length of time that a motion seeking reconsideration or rehearing of an administrative law judge’s decision may remain pending, § 41-22-17 specifies:
“ ‘(e) Within 30 days from the filing of an application the agency may in its discretion enter an order:
“ ‘(1) Setting a hearing on the application for a rehearing which shall be heard as soon as practicable; or
“ ‘(2) With reference to the application without a hearing; or
“ ‘(3) Granting or denying the application.
‘“If the agency enters no order whatsoever regarding the application within the 30-day period, the application shall be deemed to have been denied as of the expiration of the 30-day period.’
“The record on appeal indicates that the administrative law judge did not enter any order specified under subsection (e) of § 41-22-17 within 30 days of the filing of the October 4, 2004, motion for a rehearing. Rather, on December 6, 2004, the administrative law judge purported to enter an order denying the Department’s motion. However, the Department’s motion for a rehearing had been denied by operation of law pursuant to § 41-22-17(e) on November 3, 2004, 30 days after the Department had filed that motion. The December 6, 2004, order was entered after the administrative law judge had lost jurisdiction to rule on the Department’s motion for a rehearing, and, therefore, that order was a nullity.
“The AAPA specifies that a party may appeal a decision of the administrative law judge to the circuit court of the county in which an agency has its headquarters or to the Montgomery Circuit Court (hereinafter ‘the trial court’). § 41~22-20(b), Ala.Code 1975; State Pers. Bd. v. State Dep’t of Mental Health & Mental Retardation, 694 So.2d 1367, 1372 (Ala.Civ.App.1996) (the department, as a party to the administrative proceeding, has the right to appeal to the trial court). With regard to the timing of an appeal of an administrative decision to a circuit court, the AAPA provides:
“‘The notice of appeal or review [¡from an administrative order] shall be filed within 30 days after the receipt of the notice of or other service of the final decision of the agency upon the petitioner or, if a rehearing is requested under Section 41-22-17, within 30 days after the receipt of the notice of or other service of the decision of the agency thereon.’
“ § 41-22-20(d), Ala. Code 1975.
“Pursuant to § 41-22-20(d), the Department was required to file its notice of appeal within 30 days of when the decision of the administrative law judge became final; a timely filing under § 41~22-20(d) is jurisdictional. § 40-22-20(d); Eitzen v. Medical Licensure Comm’n of Alabama, 709 So.2d 1239, 1240 (Ala.Civ.App.1998) (when the aggrieved party failed to file a notice of appeal, he ‘did not properly invoke the jurisdiction of the trial court and ... the trial court did not have jurisdiction to *1081 enter a judgment’); Ex parte Crestwood Hosp. & Nursing Home, Inc., 670 So.2d 45, 48 (Ala.1995) (failure to timely appeal under the AAPA was not justified by an interpretation of an agency regulation because ‘[ajppeals from decisions of administrative agencies are purely statutory, and the time periods provided by the statute must be strictly observed’); State Dep’t of Human Res. v. Funk, 651 So.2d 12, 15 (Ala.Civ.App.1994) (holding that the timely filing of a notice of appeal of an administrative decision pursuant to § 41-22-20 of the AAPA is jurisdictional but that the timely posting of a security bond for such an appeal was not jurisdictional); State Medicaid Agency v. Anthony, 528 So.2d 326, 327-28 (Ala.Civ.App.1988) (‘[T]he jurisdiction of the trial court is determined by compliance with [the AAPA’s] statutory time periods.’). In this case, the administrative law judge’s decision became final on November 3, 2004, when the Department’s rehearing motion was denied by operation of law pursuant to § 41-22-17(e). The Department was required to have filed its notice of appeal by December 3, 2004, which is 30 days after November 3, 2004. § 40-22-20(d); Eitzen v. Medical Licensure Comm’n of Alabama, supra; State Medicaid Agency v. Anthony, supra; Ex parte Crestwood Hosp. & Nursing Home, Inc., supra; State Dep’t of Human Res. v. Funk, supra; and Paturu v. Medical Licensure Comm’n of Alabama, 981 So.2d 1122, 1124 (Ala.Civ.App.2007). The Department filed its notice of appeal to the trial court of the administrative law judge’s decision on January 4, 2005, well outside the time allowed by the provisions of the AAPA. The trial court purported to enter a judgment reversing the administrative law judge’s decision on October 23, 2007. However, because the notice of appeal to that court from the administrative law judge’s decision was untimely filed, the trial court never obtained jurisdiction over this matter, and the judgment it purported to enter on October 23, 2007, was a nullity. See Ex parte Punturo, 928 So.2d 1030, 1034 (Ala.2002) (‘A judgment issued by a trial court without jurisdiction is a nullity.’); and J.B. v. A.B., 888 So.2d 528, 532 (Ala.Civ.App.2004) (same).”
Krawczyk, 7 So.3d at 1036-37.
Similarly, in the present case, SHPDA lost jurisdiction to issue a final written order concerning the CON applications after the applications were denied by operation of law. Also, we agree with the Court of Civil Appeals’ interpretation of § 41-22-20(d). The Court of Civil Appeals in Krawczyk, supra, held that “[pursuant to § 41-22-20(d), the Department was required to file its notice of appeal within 30 days of when the decision of the administrative law judge became final,” not 30 days after receiving a written final order from the administrative law judge. Therefore, we hold that, under § 41-22-20(d), the applicants in the present case were required to file their notices of appeal within 30 days of when the decision of SHPDA became final by operation of law.
Furthermore, Select does not point to any statute that gives the circuit court the authority simply to act for the agency and to issue the final written order Select alleges is required. In the present case, the circuit court deciding Noland’s declaratory-judgment action lacked the authority to vest a circuit court with jurisdiction to entertain an appeal and, in effect, to give the applicants the opportunity to file a notice of appeal more than 30 days after the denial of their applications became final by operation of law. See State Medicaid Agency v. Anthony, 528 So.2d 326, 327-28 (Ala.Civ.App.1988) (holding that an appeal from a final decision of an adminis *1082 trative agency is purely statutory and that the time periods provided by the statute must be strictly observed because they constitute jurisdictional requirements). Therefore, the circuit court erred in holding that the time for filing a notice of appeal to the circuit court from SHPDA’s denial of the applications began to run on the date of the court’s order.

Conclusion

Based on the foregoing, this Court affirms the circuit court’s judgment in part and reverses it in part, and we remand the case for proceedings consistent with this opinion. As the circuit court held, the CON applications were denied by operation of law as a result of SHPDA’s failure to make a decision within the period specified for state-agency review, and SHPDA is without power to take any further action in this case, including the issuance of a final order. However, contrary to the circuit court’s holding, the statutory 30-day period for filing a notice of appeal from the denial of the CON applications began to run when the applications were denied by operation of law, and the circuit court was without authority to set any other date for the commencement of the 30-day period. Therefore, the period within which to file a notice of appeal had expired by the time this declaratory-judgment action was filed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.