MOORE, Judge,
concurring in part and dissenting in part.
I concur to grant the application for rehearing filed by the State of Alabama Licensing Board for General Contractors (“the Board”); however, I dissent from the majority’s decision to dismiss the appeal with instructions.
When the Huntsville Housing Authority (“the HHA”) filed its appeal on April 8, 2013, the Board had not yet made a written determination denying the HHA’s application for a general contractor’s license and, thus, had pot made a final decision in accordance with Ala.Code 1975, § 41-22-16,: a part of the Alabama Administrative Procedure Act (“the AAPA”), Ala.Code 1975, § 41-22-1 et seq. Accordingly, I conclude that the- Montgomery Circuit Court (“the trial court”) lacked subject-matter jurisdiction over the appeal at that time.
I am of the opinion, however, that, on July 11, 2013, the HHA’s application) which was filed on July 11, 2012, was denied by operation óf Ala. Admin. Code (Licensing Bd. for Gen. Contractors), Rule 230-X-l-.35(2), That ruie provides, in pertinent part: “The' candidate’s application must be approved by the Board and passing scores on any required exams or required reference letters must be completed within a, year fhom the original application date.” The parties agree that the Board had not approved the HHA’s application and that the HHA’s representative had not completed the requisite testing to obtain the license within a year of the original application date. Hence, pursuant to Rule 230-X-l-.35(2), the application was deemed automatically denied.[7] The main opinion offers no other reasonable construction of that rule that gives full effect t,o all of its language.
in Noland Health Services, Inc. v. State Health Planning and Development Agency, 44 So.3d 1074 (Ala.2010), the supreme court held; that Ala.Code 1975, § 41-22- *158 16(a), does not apply- when a state agency denies an application by operation of law. Rather, it decided, once an application is denied by operation of law, that denial becomes ripe for judicial review despite the absence of a written determination.
In Noland Health Services, an application for a certificate of need (“CON”) was denied by operation of a statute, Ala.Code 1975, § 22-21-275(3), which provides, in pertinent part: “All reviews [of CON applications] must be completed prior to the termination of the review period. If the state agency does not make a decision within the period of time specified for state agency review, the proposal shall be deemed to have been found not to be needed.” In this case, the application for a general contractor’s license was denied by operation of an administrative rule, not a statute. However, rules adopted by an administrative agency in order to accomplish its statutory duties “are" regarded as having the force of law and, therefore, become a part of the statutes authorizing them.” Hand v. State Dep’t of Human Res.,548 So.2d 171, 173 (Ala.Civ.App. 1988). Pursuant to the statutory authority of Ala.Code 1975, §§ 34-8-2 and 34-8-3, the Board promulgated Rule 230-X-1-.35 to regulate testing and licensing of general contractors. That rule has the comparable effect of .the statute at issue in Noland Health Services. :
In Noland Health Services, the application was denied by operation of law because the State Health Planning and Development Agency’s Certificate of Need Review Board (“CONRB”) failed to make a decision on the application within the time specified in § 22-21-275(3). The reason the CONRB failed to make a decision in that case was because the CONRB failed to achieve a quorum during the review period at issue and was, thus, unable to act. 44 So.3d at 1076. The supreme court did not base its decision solely on the lack of a quorum; it also specifically held that § 41-22-16(a) did not apply because of the inability of the CONRB to act once the application was denied by operation of law. 44 So.3d at 1079 (“Moreover, not only did the CONRB not have the power to act without a quorum, [the State Health Planning and Development Agency] lost jurisdiction to take any action on the applications after the applications were denied by operation of law; thus, it no longer had the power to issue a final written order.”). From the entirety of the opinion, it ⅛ obvious that our supreme court would have reached the same conclusion if the CONRB had achieved a quorum but had failed to act on the application within the 90-day period set out- in § 22-21-275(3). See 44 So.3d at 1079 (“[T]he CON applications were denied by operation of law when [the CONRB] failed to make a decision within the applicable period for review. At that point, the decision was final and thus ripe for judicial review”). Thus, Noland Health Services stands for the broader proposition that any time an application to a state agency is denied by operation of law, for whatever reason, that denial is a final decision that will support judicial review even in the absence of the written determination ordinarily required by § 41-22~l'6(a). -The supreme court’s holding in Noland Health Services is not confined solely to CON cases applying § 22-21-275(3).
Based on the supreme court’s holding in Noland Health Services, I conclude that the Board effectively denied the HHA’s application on July 11,2013, and, thus,, that the HHA’s right to appeal ripened on that date. The question thus becomes whether the trial court acquired subject-matter jurisdiction at that time over the HHA’s appeal.
*159 According to Rule 4(a)(4), Ala. R.App. P., “[a] notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after the entry and on the day thereof.” However, that rule, like all the other rules of appellate procedure, applies only in appeals to the Alabama Supreme Court, to this court, or to the Court of Criminal Appeals. See Rule 1, Ala. RApp. P. Appeals from state agencies are governed by the procedural rules set out in the AAPA, most specifically Ala.Code 1975, § 41-22-20. Nothing in the AAPA specifically addresses the effect of the premature filing of a notice of appeal.
In Kim v. Comptroller of Treasury, 350 Md. 527, 714 A.2d 176 (Md.CtApp.1998), the Maryland Court of Appeals considered that exact issue under Maryland’s administrative-procedure law. A tax court orally ruled against a taxpayer in a contested case concerning liability for sales and use taxes. As in Alabama, Maryland’s law requires a final decision of a state agency to be in writing, but the taxpayer filed a petition for judicial review before the tax court had entered any written ruling. The reviewing court dismissed the petition as premature. 350 Md. at 532, 714 A.2d at 178. The Maryland Court of Appeals, however, held that, so long as the ground for prematurity no longer exists, a reviewing court may proceed to the merits of the case. 350 Md. at 537, 714 A.2d at 180.
The Kim decision rested partially on the theory that the time for filing a petition for judicial review is not jurisdictional under Maryland law. Alabama law differs in that regard. See Ex parte Alabama State Pers. Bd., 86 So.3d 993 (Ala.Civ.App.2011) (periods provided in the AAPA for filing a petition for judicial review are jurisdictional in nature). Nevertheless, this case does not involve the tardy filing of a petition for judicial review, which would have deprived the trial court of subject-matter jurisdiction under numerous Alabama cases; instead, it involves the premature filing of a petition for judicial review, which prematurity was resolved before the trial court acted on the motion to dismiss filed by the Board and the other defendants. In those circumstances, nothing in the cases construing the AAPA would prevent a circuit court from acquiring subject-matter jurisdiction to rule on a petition for judicial review. See Ala.Code 1975, § 41-22-2(b)(7) (declaring that one of the overriding purposes of the AAPA is “[t]o simplify the process of judicial review of agency action as well as increase its ease and availability’).
That said, in order to perfect its appeal, the HHA still had to comply with the procedural requirements for perfecting an appeal, Alabama Code 1975, § 34-8-27, requires a party appealing from the denial of an application for a general contractor’s license to file an appeal in the Montgomery Circuit Court “by filing a bond with the clerk of the court, conditioned to pay all costs of the appeal.” Section 34-8-27 further requires that an appellant serve the Board with notice of the appeal after filing the same with the circuit court. Section 41-22-20(b) provides, in pertinent part, that “[a]ll proceedings for review may be instituted by filing of notice of appeal or review and a cost bond with the agency to cover the reasonable costs of preparing the transcript of the proceeding under review, unless waived by the agency or the court on a showing of substantial hardship.” The notice and filing provisions of the AAPA apply to the extent they are inconsistent with § 34-8-27. See Ala. Code 1975, § 41-22-25(a) (providing that provisions of the AAPA generally take precedence over other laws governing administrative procedure).
*160 In this case, the trial, court specifically found that the HHA had not met the “notice and filing requirements for judicial -review set forth under [§ 34-8-27] and [the AAPA].” On appeal, the HHA argues that it had to comply with the requirements of only.§ 34-8-27 and that it fully complied with those requirements by filing a petition for judicial review in the trial court, by filing a bond with the clerk of the trial court,, and, by subsequently serving the petition, for judicial review oh the Board. However, the HHA also had to comply with the AAPA, which requires service of a notice of appeal on the agency before the -filing of a petition for judicial review, See Ala.Code 1975, § 41-22-20(d) (“The petition for judicial review in the circuit court shall be filed within 30 days after the filing of the notice of appeal or review.”). Nothing in the record indicates that the HHA-ever served the Board-'with a notice of appeal. The . record indicates that the HHA served the Board'With a copy of its petition for judicial review, but service of a copy of that petition is a separate requirement under § 41 — 22—20(d) (“Copies of the petition shall be served upon the agency and all parties of record.”). Its failure to serve the Board with a notice of appeal deprived the trial court of subject-matter jurisdiction over the appeal. See Ex parte Alabama State Pers, Bd, 90 So.3d 766 (Ala.Civ.App.2012).[8]
On appeal, the HHA does not dispute that it failed'to comply with the requirements of the AAPA, erroneously arguing instead' that the AAPA does hot Apply to its '¡petition for judicial review. The HHA also ’ asserts, without citation to any legal authority,' that 'the Board should be es-topped to assert the applicability of the AAPA. Because this court cannot consider that argument, see Rule 28(a)(10), Ala. R.App. P., the HHA has not provided this court any lawful basis for reversing the judgment of the trial court. Therefore, in my opinion, the judgment of the trial court is due to be affirmed. -

. Additionally, Rule 230-X-1-.33, Ala. Admin. Code (Licensing Bd. for Gen. Contractors), provides, in pertinent part:
"Any application pending for a year or more 'without being completed will be considered noneompliant, An applicant whose application is noneompliant will be so notified by the Board. When an application becomes noneompliant, the applicant must complete a new application and submit the same together with another application fee in order to be considered for’ licensure by the Board.” .
That provision reinforces Rule 230-X-1-.35 by declaring that any application that remains pending for more than a year is automatically noneompliant and' by requiring the applicant to'submit a new application in order to be considered for licensure.

. Contrary to the statements in the main opinion, 179 So.3d at 159, the record does not contain any evidence indicating that the HHA filed a bond with the Board to cover the transcript costs as required by § 41-22-20b); however, that requirement is not jurisdictional and may be cured. See State, Dep't of Human Res.y. Funk, 651 So.2d 12, 15 (Ala. Civ.App.1994),