709 So.2d 1239 (1998)
John P. EITZEN, M.D.
v.
MEDICAL LICENSURE COMMISSION OF ALABAMA.
2961334.
Court of Civil Appeals of Alabama.
January 16, 1998.
Rehearing Denied February 13, 1998.
*1240 John P. Eitzen, M.D., pro se.
Wayne P. Turner of Turner, Wilson & Sawyer, Montgomery, for appellee.
WRIGHT, Retired Appellate Judge.
This is an appeal from an administrative decision of the Medical Licensure Commission of Alabama (the Commission).
In 1993 the Commission revoked John P. Eitzen's license to practice medicine because he failed to pay the annual registration fee as provided in § 34-24-337, Ala.Code 1975. In 1995 Eitzen filed an application for reinstatement of his license. The Alabama Board of Medical Examiners (the Board) filed a notice of intent to contest reinstatement. The Board then filed an administrative complaint with the Commission, requesting that the Commission deny reinstatement of Eitzen's license.
Following a hearing, the Commission issued an order on October 14, 1996, denying Eitzen's request for reinstatement of his medical license. Apparently, Eitzen filed an application for rehearing on November 21, 1996, which the Commission denied on December 18, 1996. On February 26, 1997, Eitzen filed a petition for judicial review in the Montgomery County Circuit Court.
Thereafter, the trial court entered a judgment, affirming the Commission's decision. Eitzen appeals.
Appeals from decisions of administrative agencies are statutory, and the time periods provided for the filing of notice of appeals and petitions must be strictly observed. Ex parte Crestwood Hospital & Nursing Home, Inc., 670 So.2d 45 (Ala.1995).
Section 41-22-20(b), Ala.Code 1975, states, in pertinent part, as follows:
"(b) Except in matters for which judicial review is otherwise provided for by law, all proceedings for review shall be instituted by filing of notice of appeal or review and cost bond, with the agency."
Section 41-22-20(d) specifies that the notice of appeal shall be filed within 30 days of receipt of the agency's final decision or, if a rehearing is requested, within 30 days after the decision on the rehearing.
Eitzen did not file a notice of appeal. Therefore, we conclude that Eitzen did not properly invoke the jurisdiction of the trial court and that the trial court did not have jurisdiction to enter a judgment. Ex parte Crestwood Hospital & Nursing Home, Inc.; see also State Dep't of Revenue v. Zegarelli 676 So.2d 354 (Ala.Civ.App.1996). A judgment entered by a court with no jurisdiction is void. Zegarelli. A void judgment will not support an appeal. Id. Accordingly, we must dismiss this appeal.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., concurs specially.
CRAWLEY, Judge, concurring specially.
I agree with Judge Wright that the case must be dismissed. Eitzen filed his petition for judicial review in the trial court more than 30 days after the Commission had entered its order. Even if the petition for *1241 judicial review were treated as a notice of appeal, that notice of appeal would be untimely because, as Judge Wright states, § 41-22-20(d) requires that a notice of appeal be filed within 30 days.