YATES, Presiding Judge.
Josephine Martin appeals from the order of the Circuit Court of Morgan County dismissing her petition for judicial review of an action by the Department of Mental Health and Mental Retardation (“the Department”) terminating her employment.
Martin was employed by the Department as a Mental Health Worker I at the Lurleen B. Wallace Developmental Center in Decatur. The Department notified Martin by letter on July 28, 1999, that it was terminating her employment based on continued violation of Department policy # 19-10, entitled “Abuse of Clients,” and policy # 70-5, entitled “Employee Conduct & Accountability.” Martin appealed her termination to the State Personnel Board (“the Board”) on August 3,1999.
After conducting a hearing, the administrative law judge entered an order on October 22, 1999, recommending that the Department’s termination of Martin be upheld. On November 17, 1999, the Board remanded the matter to the administrative law judge for a consideration of Martin’s request to submit additional evidence. On January 26, 2000, the administrative law judge again entered an order recommending that Martin’s termination be upheld. The Board entered an order on February 16, 2000, upholding Martin’s termination.
On March 17, 2000, Martin filed a notice with the Board informing it that she intended to appeal its decision to the circuit court. On April 19, 2000, Martin moved the court pursuant to § 41-22-20, Ala. Code 1975, for a 30-day extension of the time allowed for her to file her petition for judicial review of the Board’s order upholding her termination. On May 4, 2000, the trial court entered an order extending Martin’s time for filing her petition for judicial review, purporting to allow her “through and including May 19, 2000.” On May 19, 2000, Martin mailed her petition for judicial review to the clerk of the Morgan County Circuit Court, by certified mail with return receipt requested. The petition for judicial review was stamped “received” by the clerk of the court on May 25, 2000. The court dismissed Martin’s petition on June 2, 2000, as having been untimely filed.
On June 7, 2000, Martin moved the court to set aside its order of dismissal, relying upon the following sentence in § 41-22-20(d), Ala.Code 1975, which provides: “Any notice required herein which is mailed by the petitioner, certified mail return receipt requested, shall be deemed to have been filed as of the date it is postmarked.” Martin argued, because her petition was postmarked on May 19, 2000, and was mailed by certified mail with return receipt requested, that it was timely filed. On June 16, 2000, the court entered an order denying Martin’s motion to set aside the dismissal, stating that “the Court is of the opinion that the Petitioner’s argument that the date of postmark constitutes the date of filing under § 41-22-20(d), Ala. Code 1975, applies only to the filing of the initial notice of appeal or review with the [Board].”
Martin argues on appeal that the court erred in dismissing her petition for judicial review of her termination by the Board. She relies on the fact that her petition was postmarked on May 19, 2000, and was mailed by certified mail with return receipt requested, as permitted by § 41-22-20(d), Ala.Code 1975. The review procedure under the Alabama Administrative Procedure Act is a two-step process. The first step is for a notice of appeal to be *293 filed with the Agency within 30 days of its decision. State Medicaid Agency v. Anthony, 528 So.2d 326 (Ala.Civ.App.1988). The second step is for a petition for review to be filed in the circuit court -within 30 days of the filing of the notice of appeal. Id. Section 41 — 22—20(d) provides:
“(d) The notice of appeal or review shall be filed within 30 days after the receipt of the notice of or other service of the final decision of the agency upon the petitioner or, if a rehearing is requested under Section 41-22-17, within 30 days after the receipt of the notice of or other service of the decision of the agency thereon. The petition for judicial review in the circuit court shall be filed within 30 days after the filing of the notice of appeal or review ... Failure to file such petition within the time stated shall operate as a waiver of the right of such person to review under this chapter, except that for good cause shown, the judge of the reviewing court may extend the time for filing, not to exceed an additional 30 days, or, within four months after the issuance of the agency order, issue an order permitting a review of the agency decision under this chapter notwithstanding such waiver. Any notice required herein which is mailed by the petitioner, certified mail return receipt requested, shall be deemed to have been filed as of the date it is postmarked. This section shall apply to judicial review from the final order or action of all agencies, and amends the judicial review statutes relating to all agencies to provide a period of 30 days within which to appeal or to institute judicial review.”
(Emphasis added.) This court has stated:
“In construing a statute, this court may determine the legislative intent behind the statute from the language used in the statute, the reason and necessity for the statute, and the purpose the statute seeks to achieve. The words in a statute must be given their plain, ordinary, and commonly understood meanings. If the language of the statute is clear and unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.”
Edmonds v. Bessemer Bd. of Educ., 736 So.2d 646, 648 (Ala.Civ.App.1999) (citations omitted).
We agree with the trial court’s interpretation of § 41-22-20(d) and conclude that the provision in that section that makes the postmark date the date of filing applies only to the initial notice of appeal, which must be filed with the relevant agency under the first step of the review procedure and does not apply to the petition for judicial review that must be filed in the circuit court under the second step of the review procedure. Looking to the plain language of the provision that makes the date of postmark the date of filing, we note that the Legislature used the phrase “any notice” rather than “any notice or petition,” when providing for the date of postmark to be the date of filing. Had the Legislature intended for the date of postmark to be taken as the date of the filing of the petition for judicial review, it could have easily done so by using the phrase “any notice or petition” — yet it did not do so. Therefore, we conclude that the Legislature did not intend for the date of postmark to constitute the date of filing of the petition for judicial review.
Our interpretation of § 41-22-20(d) is consistent with the Alabama Rules of Civil Procedure. Unless otherwise governed by applicable statutes, an appeal from an agency decision to the circuit court is governed by the Alabama Rules of Civil Procedure. Covin v. Alabama Bd. of Exam’rs in Counseling, 712 So.2d 1103 *294 (Ala.Civ.App.1998). Rule 5(e), Ala.R.Civ. P., defines a “filing with the court” as follows:
“The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk.”
The service of a paper is complete when it is mailed; however, the filing of a paper is not complete until it is delivered to the proper filing officer. Moutry v. State, 359 So.2d 388 (Ala.Civ.App.1978). In other words “a document has not been filed until it has actually been received by the court; mere mailing is not enough.” Id., at 390. Having determined that the provision of § 41-22-20(d) making the date of postmark the date of filing applies only to the filing of the notice of appeal with the relevant agency, we conclude that the filing of the petition for judicial review in the circuit court is governed by the Alabama Rules of Civil Procedure. Thus, Martin’s petition, which was postmarked May 19, 2000, was not actually filed in the circuit court until it was received on May 25, 2000, which was beyond the extended period the court had allowed for filing the petition, and the petition was therefore untimely.
Martin next argues that her petition was received by the court within four months of the issuance of the Board’s decision terminating her and therefore was timely under the statute. The statute cannot be read as requiring the court to issue an order, within four months of the issuance of the agency decision, to permit a review of that decision. This provision of § 41-22-20(d) is purely discretionary on the part of the court, and we cannot say that the court abused its discretion in failing to permit such a review.
Accordingly, the trial court’s order dismissing Martin’s petition for judicial review is due to be affirmed.
AFFIRMED.
THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
CRAWLEY, J., dissents.