MOORE, Judge.
The Alabama State Personnel Board (“the SPB”) petitions this court for a writ of mandamus directing the Montgomery Circuit Court to vacate its December 21, 2010, order allowing Andrew L. Sutley to add the SPB as a party to Sutle/s appeal from an administrative decision. For the reasons stated below, we grant the petition and issue the writ.

Background

On July 21, 2010, the SPB issued an order upholding the decision of the Alabama Department of Public Safety (“the DPS”) to terminate Sutlers employment as an Alabama state trooper. On August 19, 2010, Sutley filed a notice of appeal from the July 21, 2010, order. That notice of appeal was filed pursuant to Ala.Code 1975, § 41-22-20, a part of the Alabama Administrative Procedure Act (“the AAPA”), Ala.Code 1975, § 41-22-1 et seq., and was filed with the DPS. Sutley designated the DPS as the appellee to that appeal; Sutley did not name the SPB as an appellee.
On September 16, 2010, Sutley filed in the Montgomery Circuit Court a “Petition *995 for Judicial Review,” pursuant to § 41-22-20. Sutley named the DPS as the respondent in that petition; Sutley failed to name the SPB as a party.
On October 28, 2010, the DPS moved to dismiss the action, asserting that it had not been the agency responsible for the ultimate decision to terminate Sutleyts employment. Sutley opposed that motion, and, at a November 28, 2010, hearing before the trial court, Sutley moved to add the SPB as a respondent to his petition. The trial court granted that motion on December 7, 2010, stating that, “for good cause shown the motion is granted”; that order was entered into the State Judicial Information System on December 21, 2010.
In its mandamus petition, the SPB asserts that, because the statutory time limitations set forth in Ala.Code 1975, § 41-22 — 20(d), had expired by the time the December 21, 2010, order was entered, the trial court exceeded its discretion in ordering the SPB to be added as a respondent to Sutley’s administrative appeal. The SPB asserts that, as a result, it has a clear legal right to have the December 21, 2010, order vacated.

Standard of Review

“‘“Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)
“Ex parte Liberty Nat’l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003).”
Ex parte Progressive Specialty Ins. Co., 31 So.3d 661, 663 (Ala.2009). A petition for the writ of mandamus is a proper means of seeking review of a trial court’s refusal to dismiss a case for the failure of a party pursuing an administrative appeal to comply with the mandatory procedures for appeal set out in the AAPA. See, e.g., Ex parte Crestwood Hosp. & Nursing Home, Inc., 670 So.2d 45, 48 (Ala.1995) (recognizing that the petitioner was entitled to the requested writ directing the trial court to dismiss the case because the hospital failed to comply with the requirements of the AAPA).

Analysis

The SPB asserts that, because Sutley failed to comply with the statutory requirements of the AAPA within the time allowed by statute, his administrative appeal against the SPB is barred. We agree and issue the writ.
Anyone aggrieved by a final decision of an administrative agency in a contested case is entitled to judicial review as provided in Ala.Code 1975, § 41-22-20. “Appeals from [administrative-agency] decisions are purely statutory and the time periods provided by the statute must be strictly observed_ In other words, the jurisdiction of the trial court is determined by compliance with these statutory time periods.” State Medicaid Agency v. Anthony, 528 So.2d 326, 327 (Ala.Civ.App.1988). Accord Ex parte Worley, 46 So.3d 916, 924 (Ala.2009) (plurality opinion); and Eitzen v. Medical Licensure Comm’n of Alabama, 709 So.2d 1239, 1240 (Ala.Civ.App.1998).
In Davis v. Alabama Medicaid Agency, 519 So.2d 538 (Ala.Civ.App.1987), this court stated:
“ ‘Appeals from agency decisions are purely statutory, and the time constrictions must be satisfied. Athough this result may seem harsh at first blush, our Rules of Civil Procedure have a similar mechanism embodied in Rule 59.1, A[la]. *996 R. Civ. P. A motion for [a] new trial, et cetera, is deemed denied if not ruled on within 90 days. The fact that a court may enter an order after the 90 day period ruling on the motion has no effect in determining the date that the notice of appeal must be filed. The order is a mere nullity. Olson v. Olson, 367 So.2d 504 (Ala.Civ.App.1979).’ ”
519 So.2d at 589-40 (quoting trial court’s order).
Section 41-22-20(b), Ala.Code 1975, mandates that all proceedings seeking judicial review of a final administrative-agency decision in a contested ease are instituted by filing “with the agency” a “notice of appeal or review,” along with a cost bond. Section 41-22-20(d) requires that the “notice of appeal or review” be filed within 30 days of receiving notice of an agency’s final action and requires that a “petition for judicial review” be filed in the circuit court within 30 days of the filing of the notice of appeal or review. Section 41-22-20(h), Ala.Code 1975, requires, among other things, that the petition for judicial review “name the agency as respondent.” Section 41-22-20(d) also authorizes the trial court, for good cause, to extend the filing times stated in the statute up to “an additional 30 days,” or to “issue an order permitting a review of the agency decision” “within four months after the issuance of the agency order.”
In this case, Sutley failed to name the SPB, the agency that was responsible for the decision from which he was seeking judicial review, as a party in either his notice of appeal or his petition for judicial review. Although he eventually moved the trial court to allow him to amend his notice of appeal and his petition for judicial review to add the SPB as a party, and although the trial court ultimately granted that motion, the SPB was not named as a party to Sutley’s appeal within the time allowed by the AAPA.
As our supreme court recognized in Ex parte Worley, supra:
“Tatum clearly did not comply with the statutory requirements for filing an appeal of the Personnel Board’s decision. Although Tatum substantially complied with the requirements of § 41-22-20[, Ala.Code 1975,] by exhausting her administrative remedies within the agency and by filing a notice of appeal, she failed to file a petition in the circuit court as required by § 41-22-20(d), [Ala.Code 1975,] and she failed to strictly comply with the requirements of § 41-22-20(h), Ala.Code 1975. In Ex parte Carlisle, 894 So.2d 721, 728-29 (Ala.Civ.App.2004), the Court of Civil Appeals held that strict compliance with statutory procedure was necessary for a party to obtain review by the circuit court of the action of the State Department of Revenue. Here, Tatum failed to follow the statutorily defined procedure for appealing final decisions of the State Personnel Board, and in doing so she waived her right to judicial review.”
Ex parte Worley, 46 So.3d at 924 (plurality opinion).
Because Sutley failed to strictly comply with the requirements of § 41-22-20(d), we conclude that the requirements for the issuance of the requested writ have been met. We, therefore, grant the SPB’s petition and direct the trial court to vacate its December 21, 2010, order.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J, and PITTMAN, BRYAN, and THOMAS, JJ„ concur.