BOLIN, Justice.
Andrew L. Sutley petitions this Court for a writ of mandamus directing the Alabama Court of Civil Appeals to quash the writ it issued on May 6, 2011. In its opinion issuing the writ, the Court of Civil Appeals directed the Montgomery Circuit Court to vacate its order of December 21, 2010, adding the Alabama State Personnel Board (“the Board”) as a party to Sutley’s administrative appeal. Ex parte Alabama State Pers. Bd., 86 So.3d 993 (Ala.Civ.App. 2011). We deny the petition.

Facts and Procedural History

Sutley was employed as a State Trooper with the Alabama Department of Public Safety (“the DPS”); effective October 26, 2009, the DPS terminated Sutley’s employment. Sutley appealed his dismissal to the Board. A hearing was held before an administrative law judge, who recommended to the Board that Sutley’s dismissal be upheld. After reviewing the order of the administrative law judge and after hearing oral arguments, the Board entered an order, dated July 21, 2010, upholding the DPS’s decision to terminate Sutley’s employment.
Pursuant to the Alabama Administrative Procedure Act, §§ 41-22-1 through -27, Ala.Code 1975 (hereinafter sometimes referred to as “the AAPA”), Sutley filed a notice of appeal with the DPS, naming only the DPS as the appellee; this notice was filed on August 19, 2010. Thereafter, on September 16, 2010, Sutley filed a petition for judicial review with the Montgomery Circuit Court naming only the DPS, and not the Board, as the respondent. The DPS moved the circuit court to dismiss Sutley’s appeal because, it said, Sut-ley failed to comply with the jurisdictional requirements of § 41-22-20, Ala.Code 1975. Specifically, the DPS asserted the following:
“Copies of the petition shall be served on the agency that issued the final decision and all other interested parties. The facts before this Court are that [Sutley] only named and served [the DPS], who did not render the final decision on July 21, 2010.”
On November 23, 2010, Sutley moved the circuit court to add the Board as a respondent to his petition for judicial review. Following a hearing, the circuit court entered an order on December 21, 2010, allowing Sutley to add the Board as a respondent; this order was entered five months after the Board had entered its final order upholding the DPS’s termination of Sutley’s employment. The Board then petitioned the Alabama Court of Civil Appeals for a writ of mandamus directing the circuit court to vacate its order adding the Board as a respondent to Sutley’s administrative appeal. Specifically, the Board argued that the time limitations set forth in § 41-22-20(d) for filing a notice of appeal and a petition for judicial review had expired by the time the circuit court entered its December 21, 2010, order and that, therefore, the circuit court had exceeded its discretion in ordering the Board to be added as a respondent to Sutley’s administrative appeal. On May 6, 2011, the Court of Civil Appeals issued an opinion, granting the Board’s petition and directing the circuit court to vacate its December 21, 2010, order. Specifically, the Court of Civil Appeals stated:
“Sutley failed to name [the Board], the agency that was responsible for the decision from which he was seeking judicial review, as a party in either his notice of appeal or his petition for judicial review. Although he eventually moved the trial court to allow him to amend his notice of *999 appeal and his petition for judicial review to add [the Board] as a party, and although the trial court ultimately granted that motion, [the Board] was not named as a party to Sutley’s appeal within the time allowed by the AAPA.”
86 So.3d at 996. Sutley then petitioned this Court for a writ of mandamus directing the Court of Civil Appeals to quash its writ issued on May 6, 2011.

Standard of Review

“ ‘[M]andamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’
“Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991).
“Mandamus is a proper remedy for a trial court’s refusal to dismiss a case for failure to comply with the necessary procedures for appeal set out in the AAPA. See, e.g., Ex parte Crestwood Hosp. & Nursing Home, Inc., 670 So.2d 45 (Ala.1995).”
Ex parte Worley, 46 So.3d 916, 921 (Ala.2009)

Analysis

Section 41-22-20, Ala.Code 1975, outlines the procedure for perfecting an appeal from a final decision of an administrative agency. That section states, in pertinent part:
“(a) A person who has exhausted all administrative remedies available within the agency, other than rehearing, and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter....
“(b) All proceedings for review may be instituted by filing of notice of appeal or review and a cost bond with the agency to cover the reasonable costs of preparing the transcript of the proceeding under review, unless waived by the agency or the court on a showing of substantial hardship. A petition shall be filed either in the Circuit Court of Montgomery County or in the circuit court of the county in which the agency maintains its headquarters, or unless otherwise specifically provided by statute, in the circuit court of the county where a party[,] other than an interve-nor, resides or if a party, other than an intervenor, is a corporation, domestic or foreign, having a registered office or business office in this state, then in the county of the registered office or principal place of business within this state.
[[Image here]]
“(d) The notice of appeal or review shall be filed within 30 days after the receipt of the notice of or other service of the final decision of the agency upon the petitioner.... The petition for judicial review in the circuit court shall be filed within 30 days after the filing of the notice of appeal or review.... Failure to file such petition within the time stated shall operate as a waiver of the right of such person to review under this chapter.... This section shall apply to judicial review from the final order or action of all agencies....
[[Image here]]
“(h) The petition for review shall name the agency as respondent and shall contain a concise statement of:
“(1) The nature of the agency action which is the subject of the petition;
“(2) The particular agency action appealed from;
“(3) The facts and law on which jurisdiction and venue are based;
“(4) The grounds on which relief is sought; and
*1000 “(5) The relief sought.”
(Emphasis added.)
In his petition for a writ of mandamus filed in this Court, Sutley argues that the “agency” referred to throughout § 41-22-20 is the DPS, not the Board, because, he says, the DPS is the agency that made the “final decision” to terminate his employment.[1] We disagree. Section 41-22-20 states that a party “aggrieved by a final decision” is entitled to judicial review of that decision. Clearly, the agency making the final decision in this case is the Board, which issued the July 21, 2010, order from which Sutley appealed. In his petition for judicial review, Sutley specifically states that “[o]n July 21, 2010, a final order was entered by [the Board],” and he “requests [the circuit court] review the final order.” Moreover, we conclude that by using the words “the agency” in the statute, the legislature was referring to a definite agency, i.e., the agency issuing the order appealed from. In Ex parte Worley, supra, this Court stated the following regarding the phrase “final decision” used throughout the AAPA:
“[A] party aggrieved by a ‘final decision’ is entitled to judicial review. A ‘final decision’ is one that garners the support of ‘a majority of the officials who are to render the final order.’ § 41-22-15, Ala.Code 1975.”
46 So.3d at 922. In this case, the record discloses that the Board’s July 21, 2010, order was signed by the officials empowered to issue the order and was, therefore, a final decision. Accordingly, the Board was the agency Sutley should have served and named as respondent in his petition for judicial review.
Section 41-22-20(h) specifically states that the petition for judicial review “shall name the agency as respondent.” Sutley failed to name the Board as a respondent in his petition for judicial review. And, as the Court of Civil Appeals noted, although Sutley eventually moved the circuit court to add the Board as a respondent, and the circuit court ultimately granted Sutley’s motion, the Board was not named as the respondent within the time allowed by the AAPA. “Appeals from decisions of administrative agencies are statutory, and the time periods provided for the filing of notiee[s] of appeal[] and petitions must be strictly observed.” Eitzen v. Medical Licensure Comm’n of Alabama, 709 So.2d 1239, 1240 (Ala.Civ.App.1998). Sutley clearly did not comply with the statutory requirements for perfecting an appeal in the circuit court from the Board’s decision upholding his dismissal by the DPS. Accordingly, Sutley’s failure to comply with the statutory requirements acts a waiver of his right to a review of the Board’s decision. See § 41-22-20(d).
For the reasons stated above, Sutley does not have a clear legal right to a writ of mandamus directing the Court of Civil Appeals to quash its writ issued on May 6, 2011, which directed the circuit court to vacate its order adding the Board as a respondent to Sutley’s administrative appeal. Therefore, his petition is denied.
PETITION DENIED.
MALONE, C.J., and WOODALL, STUART, PARKER, SHAW, and MAIN, JJ., concur.
WISE, J., recuses herself.

. We note that Sutley cites no caselaw to substantiate his interpretation that the agency referred to in the statute is the DPS, the agency that terminated his employment, rather than the Board, the agency that rendered the final decision upholding the DPS's decision.