MOORE, Judge.
The Alabama State Personnel Board (“the Board”) petitions this court for a writ of mandamus directing the Jefferson Circuit Court (“the circuit court”) to dismiss Shelton Maye’s administrative appeal. We grant the petition and issue the writ.

Procedural History

On April 13, 2011, the Board issued an order upholding the decision of the Alabama Department of Youth Services (“DYS”) to terminate Maye’s employment. On May 9, 2011, Maye filed a “Notice of Appeal” in the circuit court stating that he was appealing “the [Board’s] Order issued April 13, 2011,” and that “this is an appeal from the [Board].” Maye named only DYS as a “respondent.” The certificate of service on the notice of appeal reflects that it was served on Paul D. Thomas, the deputy director of the Alabama State Personnel Department,[1] and Michael Meyer, *768 counsel for DYS. The case-action-summary sheet attached to the mandamus petition filed by the Board reflects that the Board was added as a party to the appeal on June 9, 2011. The Board asserts that on July 7, 2011, it filed a motion to dismiss the appeal. On September 9, 2011, Maye filed an “Amended Notice of Appeal and Petition for Judicial Review,” again naming only DYS as a respondent, but certifying service by United States mail of the document on “Alice Ann Byrne, Esq. and Tara S. Knee, Esq., State of Alabama Personnel Department.” The Board asserts that, on October 17, 2011, it filed a second motion to dismiss. On October 18, 2011, the circuit court denied the Board’s July 7, 2011, motion to dismiss, and, on October 28, 2011, the circuit court entered an order denying the Board’s second motion to dismiss.[2] The Board filed its petition for a writ of mandamus with this court on November 9, 2011.

Standard of Review

“ ‘ “ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)....”
“ ‘Ex parte Liberty Nat’l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003).’
“Ex parte Progressive Specialty Ins. Co., 31 So.3d 661, 663 (Ala.2009). A petition for the writ of mandamus is a proper means of seeking review of a trial court’s refusal to dismiss a case for the failure of a party pursuing an administrative appeal to comply with the mandatory procedures for appeal set out in the [Alabama Administrative Procedure Act]. See, e.g., Ex parte Crestwood Hosp. & Nursing Home, Inc., 670 So.2d 45, 48 (Ala.1995) (recognizing that the petitioner was entitled to the requested writ directing the trial court to dismiss the case because the hospital failed to comply with the requirements of the [Alabama Administrative Procedure Act]).”
Ex parte Alabama State Pers. Bd., 86 So.3d 993, 995 (Ala.Civ.App.2011) (granting Board’s petition for writ of mandamus directing trial court to dismiss administrative appeal filed by Andrew Sutley based on Sutle/s failure to adhere to appellate-procedure requirements of the Alabama Administrative Procedure Act); see also Ex parte Sutley, 86 So.3d 997 (Ala.2011) (denying Sutley’s petition for writ of mandamus seeking to overturn this court’s order in Ex parte Alabama State Personnel Board, supra).

Discussion

In its mandamus petition, the Board argues that the circuit court erred in denying its motions to dismiss because, it says, Maye failed to adhere to the appellate-procedure requirements of the Alabama Administrative Procedure Act (“the AAPA”), § 41-22-1 et seq., Ala.Code 1975. Specifically, the Board asserts that Maye failed to properly file his notice of appeal pursuant to § 41-22-20(b) & (d), Ala.Code 1975, and failed to properly ' name the Board as a respondent pursuant to § 41-22-20(h), Ala.Code 1975, and, thus, did not properly invoke the appellate jurisdiction of the circuit court.
We initially note that the Board has failed to attach to its mandamus peti *769 tion the two motions to dismiss it contends the circuit court erred in denying. The Alabama Rules of Appellate Procedure require the attachment of “parts of the record that would be essential to an understanding of the matters set forth in the petition” for a writ of mandamus. Rule 21(a)(1)(E), Ala. R.App. P. However, it is clear from Maye’s answer and the briefs filed with this court that the Board moved to dismiss the appeal on the same ground it is now asserting in its petition for a writ of mandamus. See Ex parte Trawick, 959 So.2d 51, 54-55 (Ala.2006) (holding that omission of motion at issue on petition for a writ of mandamus was not fatal to petitioner’s claim in similar circumstances). Moreover, we note that the issue here involves the subject-matter jurisdiction of the circuit court, see Ex parte Alabama State Pers. Bd., supra, an issue that can be raised at any stage of the proceedings. See, e.g., C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ.App.2003) (“[A] court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.”). Therefore, we will proceed with our analysis.
Section 41-22-20(b), Ala.Code 1975, provides that an appeal from a state-agency proceeding is to be instituted “by filing of notice of appeal or review ... with the agency,” meaning the agency that made the final decision aggrieving the appellant, Ex parte Sutley, 86 So.3d at 999, which, in this case, would be the Board. Id. Pursuant to § 41-22-20(d), the notice of appeal must be filed with the agency within 30 days after the aggrieved party receives notice or other service of the decision of the agency from which the appeal lies. See Martin v. State Dep’t of Mental Health & Mental Retardation, 814 So.2d 290, 292-93 (Ala.Civ.App.2001). Thus, in this case, Maye had 30 days from his receipt of the notice of the final decision of the Board rendered on April 13, 2011, to file a notice of appeal with the Board. The Board maintains, and Maye does not contest, that Maye did not file a notice of appeal with the Board within 30 days of his receipt of the Board’s April 13, 2011, final decision. Rather, the record reflects that Maye filed a “Notice of Appeal” directly in the circuit court on May 9, 2011.
In Brunson v. Alabama State Board of Medical Examiners, 69 So.3d 913 (Ala.Civ. App.2011), this court dismissed an appeal from a physician whose certificate to issue controlled substances had been revoked by the Alabama Board of Medical Examiners. Pursuant to § 20-2-53(b), Ala.Code 1975, appeals from such orders are governed by § 41-22-20. The record indicated, among other things, that the physician had failed to file a notice of appeal with the Alabama Board of Medical Examiners within 30 days of his receipt of that board’s order as required by § 41-22-20(d). 69 So.3d at 915. This court held that the failure of the physician to strictly comply with the appellate procedure set out in § 41-22-20(d) deprived this court of jurisdiction to hear the appeal.
In Brunson, the physician also failed to file a timely petition for review with this court, the second step in the appellate process under § 41-22-20(d). See Martin, supra. This court found that omission to be “perhaps most salientf ],” 69 So.3d at 915, but the court did not intend to suggest that the failure to file the initial notice of appeal with the agency would not, by itself, be considered a jurisdictional defect. Indeed, with the exception of the filing of a cost bond, see State Dep’t of Human Res. v. Funk, 651 So.2d 12, 15 (Ala.Civ.App.1994), this court and our supreme court have repeatedly held that any failure to strictly comply with the appellate procedure set out in the AAPA deprives a circuit court of jurisdiction to hear the appeal. See, e.g., Ex parte Sutley, supra; Ex parte Worley, 46 So.3d 916 (Ala.2009) *770 (plurality opinion); Ex parte Crestwood Hosp. & Nursing Home, Inc., 670 So.2d 45, 48 (Ala.1995); Krawczyk v. State Dep’t of Pub. Safety, 7 So.3d 1035 (Ala.Civ.App. 2008); Eitzen v. Medical Licensure Comm’n of Alabama, 709 So.2d 1239, 1240 (Ala.Civ.App.1998); and State Dep’t of Human Res. v. Funk, supra. Finding no good reason to treat the initial filing requirement any differently, we hold that, under § 41-22-20(d), a circuit court can acquire appellate jurisdiction over a final state-agency decision only if the appellant initially filed a notice of appeal with the agency within 30 days of the appellant’s receipt of the agency’s final decision.
Section 41-22-20(d) provides that
“[fjailure to file such petition within the time stated shall operate as a waiver of the right of such person to review under this chapter, except that for good cause shown, the judge of the reviewing court may extend the time for filing, not to exceed an additional 30 days, or, within four months after the issuance of the agency order, issue an order permitting a review of the agency decision under this chapter notwithstanding such waiver.”
It is unclear whether the extensions provided above relate to the initial period for filing the notice of appeal with the agency or to the period for filing a petition for judicial review with the circuit court. We need not resolve that question, however, because Maye does not make any argument that he requested an extension of time to file his notice of appeal with the Board or that he made a showing of good cause that would have allowed the circuit court to grant such a request. This case therefore falls within the general waiver rule, and we conclude that the circuit court did not acquire jurisdiction to review the final decision of the Board.
Because we decide the issue on the foregoing grounds, we do not address the Board’s other contentions. The petition for a writ of mandamus is granted. The circuit court is directed to vacate its orders denying the Board’s motions to dismiss and to enter a new order dismissing the case.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The Board is an administrative body of the Alabama State Personnel Department. See §§ 36-26-4 and 36-26-6, Ala.Code 1975.

. The circuit court did not specify in its October 28, 2011, order which motion to dismiss it was denying. Because it had already denied the July 7, 2011, motion, presumably the circuit court was denying the second motion to dismiss.