MOORE, Judge.
Frankie Eddie Ingram, Jr., appeals from a judgment entered by the Montgomery Circuit Court (“the trial court”) affirming the decision of the Alabama Peace Officers’ Standards and Training Commission (“the commission”) to revoke Ingram’s law-enforcement certification. We dismiss the appeal.

Background

The record establishes that Ingram was employed in June 2011 as the chief of the Summerdale Police Department. On July 12, 2012, after an investigation and an administrative hearing, the commission issued an order, pursuant to Ala.Code 1975, § 36-21-45(7), and Rule 650-X-2-.05(ll), Ala. Admin. Code (Alabama Peace Officers’ Standards & Training Comm’n), revoking Ingram’s law-enforcement certification.[1] On July 30, 2012, Ingram filed in the trial court a petition seeking judicial review of the commission’s decision, pursuant to Ala.Code 1975, § 41-22-20, a part of the Alabama Administrative Procedure Act (“the Act”), Ala. Code 1975, § 41-22-1 et seq.[2] In his petition, Ingram named “Chief R. Alan Benefield, Executive Secretary of Alabama Peace Officers’ Standards & Training Commission,” as the only respondent and sought an order directing Benefield to vacate the commission’s decision.
On August 23, 2012, the commission moved to dismiss Ingram’s petition, asserting that he had failed to perfect his appeal. That same day, Ingram filed an amended petition in which he named the commission as a respondent.[3] On September 19, 2012, at a hearing on the pending motion to dismiss, the commission stipulated that the filing of Ingram’s amended petition had mooted its motion to dismiss. The trial court allowed Ingram’s appeal to proceed. On April 4, 2013, the trial court entered a judgment affirming the commission’s decision to revoke Ingram’s law-enforcement certification. Ingram timely filed a notice of appeal to this court.

Analysis

As a preliminary matter, we address the issue of subject-matter jurisdiction because “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Singleton v. Graham, 716 So.2d 224, 225 (Ala.Civ.App.1998) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997)). “ ‘ “[S]ubject-matter jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.” ’ ” M.B.L. v. G.G.L., 1 So.3d 1048, 1050 (Ala.Civ.App.2008) (quoting S.B.U. v. D.G.B., *1091 913 So.2d 452, 455 (Ala.Civ.App.2005), quoting in turn C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ.App.2003)).
Section 41-22-20 sets forth the procedural requirements for perfecting an appeal from a final decision of an administrative agency.[4] That Code section provides, in pertinent part:
“(a) A person who has exhausted all administrative remedies available within the agency, other than rehearing, and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter....
“(b) All proceedings for review may be instituted by filing of notice of appeal or review and a cost bond with the agency to cover the reasonable costs of preparing the transcript of the proceeding under review, unless waived by the agency or the court on a showing of substantial hardship. A petition shall be filed either in the Circuit Court of Montgomery County or in the circuit court of the county in which the agency maintains its headquarters, or unless otherwise specifically provided by statute, in the circuit court of the county where a party[,] other than an interve-nor, resides or if a party, other than an intervenor, is a corporation, domestic or foreign, having a registered office or business office in this state, then in the county of the registered office or principal place of business within this state.
[[Image here]]
“(d) The notice of appeal or review shall be filed within 30 days after the receipt of the notice of or other service of the final decision of the agency upon the petitioner.... The petition for judicial review in the circuit court shall be filed within 30 days after the filing of the notice of appeal or review.... Failure to file such petition within the time stated shall operate as a waiver of the right of such person to review under this chapter-This section shall apply to judicial review from the final order or action of all agencies....
[[Image here]]
“(h) The petition for review shall name the agency as respondent and shall contain a concise statement of:
“(1) The nature of the agency action which is the subject of the petition;
“(2) The particular agency action appealed from;
“(3) The facts and law on which jurisdiction and venue are based;
“(4) The grounds on which relief is sought; and
“(5) The relief sought.”
(Emphasis added.)
In Ex parte Alabama State Personnel Board, 86 So.3d 993 (Ala.Civ.App.2011), Andrew Sutley was terminated from his employment with the Department of Public Safety (“the department”). Id. at 994. After a hearing before the Alabama State Personnel Board (“the board”), the board upheld the department’s decision to terminate Sutley’s employment. Id. Sutley then filed, pursuant to the Act, a notice of appeal with the agency and a petition for judicial review with the trial court. Id. at 994-95. In both the notice of appeal and the petition for judicial review, Sutley named only the department as a respon *1092 dent, although the decision for which Sut-ley was seeking judicial review had been issued by the board. Id.
The department moved to dismiss Sut-ley’s petition, asserting that it had not been responsible for the final decision terminating Sutley’s employment. Id. at 995. Sutley then moved to amend his petition to name the board as a respondent, and the trial court granted that motion. Id. The board filed a mandamus petition with this court, asserting that Sutley had not complied with the time limitations set forth in § 41-22-20 and that the trial court’s order allowing Sutley to amend his petition to correctly name the board should be vacated. Id.
This court agreed with the board, stating, in pertinent part:
“Anyone aggrieved by a final decision of an administrative agency in a contested case is entitled to judicial review as provided in Ala.Code 1975, § 41-22-20. ‘Appeals from [administrative-agency] decisions are purely statutory and the time periods provided by the statute must be strictly observed.... In other words, the jurisdiction of the trial court is determined by compliance with these statutory time periods.’ State Medicaid Agency v. Anthony, 528 So.2d 326, 327 (Ala.Civ.App.1988). Accord Ex parte Worley, 46 So.3d 916, 924 (Ala.2009) (plurality opinion); and Eitzen v. Medical Licensure Comm’n of Alabama, 709 So.2d 1239, 1240 (Ala.Civ.App.1998).
“In Davis v. Alabama Medicaid Agency, 519 So.2d 538 (Ala.Civ.App.1987), this court stated:
‘““Appeals from agency decisions are purely statutory, and the time constrictions must be satisfied. Although this result may seem harsh at first blush, our Rules of Civil Procedure have a similar mechanism embodied in Rule 59.1, A[la]. R. Civ. P. A motion for [a] new trial, et cetera, is deemed denied if not ruled on within 90 days. The fact that a court may enter an order after the 90 day period ruling on the motion has no effect in determining the date that the notice of appeal must be filed. The order is a mere nullity. Olson v. Olson, 367 So.2d 504 (Ala.Civ.App.1979).” ’
“519 So.2d at 539-40 (quoting trial court’s order).
“Section 41-22-20(b), Ala.Code 1975, mandates that all proceedings seeking judicial review of a final administrative-agency decision in a contested case are instituted by filing ‘with the agency[5] a ‘notice of appeal or review,’ along with a cost bond. Section 41-22-20(d) requires that the ‘notice of appeal or review’ be filed within 30 days of receiving notice of an agency’s final action and requires that a ‘petition for judicial review’ be filed in the circuit court within 30 days of the filing of the notice of appeal or review. Section 41-22-20(h), Ala.Code 1975, requires, among other things, that the petition for judicial review ‘name the agency as respondent.’ ”
Ex parte Alabama State Pers. Bd., 86 So.3d at 995-96.
Because Sutley had failed to name the board as a respondent within the time allowed by the Act, we concluded that the trial court had never acquired subject-matter jurisdiction of the petition for judicial review. Id. at 996. We, therefore, granted the board’s mandamus petition and issued a writ directing the trial court to dismiss Sutley’s petition for judicial review based on its lack of subject-matter jurisdiction. Id.[5]
*1093 Although Ingram’s petition for judicial review could have served both as the notice of appeal and as the petition for judicial review, see Eley v. Medical Licensure Comm’n of Alabama, 904 So.2d 269, 276 (Ala.Civ.App.2008), it is unclear whether that petition was properly served on the commission within the 30-day period allowed by the Act.[6] We, however, need not decide whether Ingram’s timely service of the petition for judicial review on Bene-field, the executive secretary of the commission, was sufficient notice to the commission of his intent to appeal because, even if it was, Ingram failed to name the proper respondent, i.e., the commission, within the time required by the Act. See Ex parte Alabama State Pers. Bd., 86 So.Bd 998. Although Ingram sought to amend his petition on August 23, 2012, that amendment was not filed within the time limitations set forth in the Act.[7] As a result, Ingram waived his right to judicial review of the commission’s decision to revoke his law-enforcement certification, and the trial court failed to acquire subject-matter jurisdiction to hear Ingram’s petition for judicial review.
An order or judgment entered by a trial court without subject-matter jurisdiction is a nullity. See J.B. v. A.B., 888 So.2d 528, 532 (Ala.Civ.App.2004) (“An order entered by a trial court without jurisdiction is a nullity.”). Thus, the trial court’s April 4, 2013, judgment is void and of no effect. Additionally, “[a] void judgment will not support an appeal, and ‘an appellate court must dismiss an attempted *1094 appeal from such a void judgment.’ ” Colburn v. Colburn, 14 So.3d 176, 179 (Ala.Civ.App.2009) (quoting Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008)). Accordingly, we dismiss this appeal, albeit with instructions to the trial court to vacate its void judgment and to dismiss Ingram’s petition for judicial review based on its lack of subject-matter jurisdiction.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

.According to its order, the commission revoked Ingram’s law-enforcement certification after finding that Ingram had provided to the commission false information regarding his own firearms qualification and the purported employment of two third parties and the alleged accrual of “Continuing Education Units" by those third parties; the commission asserted that those third parties had never been employed by the Summerdale Police Department.

. The record contains no indication that Ingram filed a formal notice of appeal with the commission; rather, his initial filing appears to have been the petition for judicial review filed on July 30, 2012.

. According to the record filed with this court, the commission was officially served with the petition for judicial review after Ingram filed his August 23, 2012, amended petition. The record does not indicate a date of service for Benefield.

. The commission is an agency of the State. See Rule 650-X-1-.04, Ala. Admin. Code (Alabama Peace Officers’ Standards & Training Comm’n), which provides that “[t]he Commission is an independent agency of the State of Alabama. All costs of operating the Commission, including administrative, secretarial, clerical and investigative are paid from legislative appropriations. The Attorney General and his assistants provide legal services to the Commission.” That administrative rule was promulgated by the commission pursuant to Ala.Code 1975, § 36-21-41, which created the commission.

. Sutley then petitioned the Alabama Supreme Court for certiorari review, which the supreme court denied, stating:
" ‘Appeals from decisions of administrative agencies are statutory, and the time periods provided for the filing of notice[s] of ap *1093 peal[] and petitions must be strictly observed.’ Eitzen v. Medical Licensure Comm'n of Alabama, 709 So.2d 1239, 1240 (Ala.Civ.App.1998). Sutley clearly did not comply with the statutory requirements for perfecting an appeal in the circuit court from the Board’s decision upholding his dismissal by the [department]. Accordingly, Sutley’s failure to comply with the statutory requirements acts a waiver of his right to a review of the Board’s decision. See § 41-22-20(d).”
Ex parte Sutley, 86 So.3d 997, 1000 (Ala. 2011). Additionally, in Ex parte Alabama State Personnel Board, 90 So.3d 766, 769-70 (Ala.Civ.App.2012), a mandamus proceeding unrelated to the proceeding involving Sutley, this court stated:
”[T]his court and our supreme court have repeatedly held that any failure to strictly comply with the appellate procedure set out in the [Act] deprives a circuit court of jurisdiction to hear the appeal. See, e.g., Ex parte Sutley, [86 So.3d 997 (Ala.2011)]; Ex parte Worley, 46 So.3d 916 (Ala.2009) (plurality opinion); Ex parte Crestwood Hosp. & Nursing Home, Inc., 670 So.2d 45, 48 (Ala. 1995); Krawczyk v. State Dep't of Pub. Safety, 7 So.3d 1035 (Ala.Civ.App.2008); Eitzen v. Medical Licensure Comm’n of Alabama, 709 So.2d 1239, 1240 (Ala.Civ.App.1998); and State Dep't of Human Res. v. Funk, [651 So.2d 12 (Ala.Civ.App. 1994)].”

. See, e.g., Ex parte Alabama State Pers. Bd., 90 So.3d 766 (Ala.Civ.App.2012) (Maye, who sought judicial review of board’s decision upholding the termination of his employment with the Department of Youth Services, failed to serve, within the time allowed by the Act, a notice of appeal on the board as required by § 41-22-20(d), and, therefore, the circuit court never acquired jurisdiction over his petition seeking judicial review; Maye’s error in serving his notice of appeal on the Department of Youth Services rather than the board deprived the circuit court of subject-matter jurisdiction).

. In Ex parte Alabama State Personnel Board, 90 So.3d 766, 770 (Ala.Civ.App.2012), this court recognized that it is unclear whether the "additional 30 days, or, within four months” extensions provided in § 41-22-20(d) relate to the initial period for filing the notice of appeal with the agency or to the period for filing a petition for judicial review with the circuit court. We need not resolve that question in this case because Ingram timely filed his petition for judicial review; that petition also could have served as his notice of appeal to the commission, and, if so, that filing would also have been timely. Therefore, the extensions of time set forth in § 41-22-20(d) are inapplicable in this case and have no impact on our analysis.