THOMAS, Judge.
Felicia D. Hutchins was employed by Bullock County High School as a science teacher. In February 2015, a student in Hutchins's class recorded a video on her cellular telephone of the behavior occurring during class. The video showed a male student behaving inappropriately with both a female student and another male student and that same male student grabbing another male student by the neck and laughing loudly. The video was furnished to Derrick Harris, the principal of the high school, and to Keith Stewart, who was, at that time, the superintendent of the Bullock County School Board. Hutchins was placed on administrative leave, and, ultimately, she was terminated from her employment as a teacher.
In addition, the video was provided to the State Department of Education ("the department"), which, after an investigation, recommended that Hutchins's teaching certificate be suspended or revoked. After an administrative hearing requested by Hutchins, an administrative-law judge ("the ALJ") recommended revocation of Hutchins's teaching certificate. Dr. Phillip Cleveland, the superintendent of the department ("the superintendent"), accepted the ALJ's recommendation and revoked Hutchins's certificate by an amended order dated August 8, 2016. Hutchins sought a rehearing before the ALJ and then filed in the Montgomery Circuit Court ("the circuit court") on August 17, 2016, a notice of appeal and petition for judicial review, seeking review under Ala. Code 1975, § 41-22-20, a part of the Alabama Administrative Procedure Act ("the AAPA"), Ala. Code 1975, § 41-22-1 et seq. She named the department as a respondent but did not name or serve the superintendent.
The department moved to dismiss Hutchins's petition for judicial review in the circuit court, arguing that Hutchins had not named the superintendent, who, the department argued, was the "agency" that had rendered the decision under review and therefore the proper respondent. See Ala. Code 1975, § 41-22-20(h) (requiring that the petition for judicial review name as a respondent the agency that rendered the decision under review). The circuit court denied the department's motion but affirmed the decision of the superintendent to revoke Hutchins's teaching certificate. Hutchins filed a petition for the writ of mandamus, seeking this court's review of the circuit court's judgment. Because a petition for the writ of mandamus is not the proper method of reviewing a final judgment, we have treated Hutchins's petition as an appeal. See Price v. Clayton, 18 So.3d 370 (Ala. Civ. App. 2008) (explaining that this court has discretion to treat a petition for the writ of mandamus as an appeal when appeal is the appropriate vehicle for review).
*153 The department again argues on appeal that Hutchins's appeal to the circuit court should have been dismissed because Hutchins did not name the superintendent, who, the department contends, is the proper respondent under § 40-22-20(h). The department relies on Ex parte Sutley, 86 So.3d 997 (Ala. 2011), as authority for its argument that Hutchins's appeal to the circuit court should have been dismissed. We agree that the reasoning in Ex parte Sutley applies here.
In Ex parte Sutley, our supreme court explained that a party seeking review of an agency decision under Ala. Code 1975, § 41-22-20, must name as a respondent in the circuit court the agency that rendered the final decision under review. 86 So.3d at 1000. Sutley had been employed by the Department of Public Safety ("DPS") as a state trooper. Id. at 998. DPS terminated his employment, and Sutley appealed to the Alabama State Personnel Board ("the personnel board"), which, after hearings before an ALJ and the personnel board, upheld DPS's order terminating Sutley's employment. Id. Sutley sought further review of the personnel board's decision under the AAPA. Id.
On August 19, 2010, Sutley filed a notice of appeal with DPS, naming only DPS as the appellee. Id. He then filed, on September 16, 2010, a petition for judicial review in the circuit court, in which he named only DPS as the respondent. Id. DPS moved to dismiss Sutley's appeal, but, in November 2010, Sutley moved to add the personnel board as a respondent to his petition for judicial review, which the circuit court permitted. Id. The personnel board sought review in this court, by petition for the writ of mandamus, of the circuit court's order naming it as a respondent, and this court granted the petition and issued the writ. Ex parte AlabamaState Pers. Bd., 86 So.3d 993 (Ala. Civ. App. 2011). Sutley sought review of this court's issuance of the writ by filing a petition for the writ of mandamus in our supreme court. Ex parte Sutley, 86 So.3d at 1000.
Sutley argued before our supreme court that DPS, the agency with which he had been employed and that had initially terminated his employment, was the proper party to name as respondent under § 41-22-20(h). Id. Our supreme court disagreed, explaining that the "agency" referred to in § 41-22-20 refers to the agency that rendered the final decision from which the appeal is taken, which, in Sutley's case, was the personnel board. Id. Sutley's late attempt to add the personnel board as a respondent as required by § 41-22-20(h) was to no avail, our supreme court explained, because Sutley had failed to name the personnel board as a respondent within the 30-day period required by the AAPA. Id. Our supreme court determined that Sutley had not complied with the statutory requirements for perfecting an appeal, noting that " '[a]ppeals from decisions of administrative agencies are statutory, and the time periods provided for the filing of notice[s] of appeal[ ] and petitions must be strictly observed.' " Id. (quoting Eitzen v. Medical Licensure Comm'n of Alabama, 709 So.2d 1239, 1240 (Ala. Civ. App. 1998) ). Thus, our supreme court concluded, Sutley's failure to properly appeal resulted in "a waiver of his right to a review" of the agency's decision. Id.
Like Sutley, Hutchins failed to name as a respondent in the circuit court the "agency" that made the final decision from which she appealed-the superintendent. Instead, she named only the department as the respondent. Hutchins does not dispute that the superintendent, and not the department, rendered the decision to revoke Hutchins's teaching certificate. See Ala. Code 1975, § 16-23-5(a) ;
*154 Ala. Admin. Code (Bd. of Educ.), Rule 290-3-2-.04. Although Hutchins admits that § 41-22-3(1) defines "agency" as "[e]very board, bureau, commission, department, officer, or other administrative office or unit of the state" (emphasis added) and that, therefore, the superintendent is an "agency" under the statute, she complains that she failed to name the superintendent as a respondent because she detrimentally relied on the fact that the superintendent was never listed as a party in the administrative proceedings.
Of course, the superintendent is not a proper party to the administrative proceedings. Rule 290-3-2-.04(3)(e) indicates that, after information indicating that a teacher is unsuitable or unfit to teach is received by the department, the department is to conduct an investigation and recommend a proposed action on a teacher's certificate to the superintendent. That is, the department is the body charged with choosing whether to seek the suspension or revocation of a teacher's certificate. The department must then send the teacher a notice of the proposed action on his or her certificate. Rule 290-3-2-.04(4)(a). If the teacher requests a hearing, as Hutchins did, see Rule 290-3-2-.04(4)(c), a hearing officer or an ALJ conducts a hearing and prepares a written recommendation for submission to the superintendent. Rule 290-3-2-.04(4)(i)1. The superintendent is the final decision maker, who may choose to accept the recommended action or impose a different sanction than that recommended by the hearing officer or the ALJ. Rule 290-3-2-.04(4)(i)2.
Hutchins was entitled to appeal the superintendent's revocation of her teaching certificate under § 41-22-20. However, in order to properly perfect her appeal, Hutchins must follow the procedure mandated by the AAPA. Ex parte Sutley, 86 So.3d at 1000. Hutchins failed to name the superintendent as a respondent within the period allowed by the AAPA, and she therefore waived her right to review of the decision to revoke her teaching certificate. Id.
We find this case to be similar in posture to Ingram v. Alabama Peace Officers' Standards & Training Commission, 148 So.3d 1089, 1090 (Ala. Civ. App. 2014), in which we dismissed the appeal from a circuit-court judgment affirming an agency action revoking the law-enforcement certification of Frankie Eddie Ingram, Jr. The circuit court in Ingram had allowed Ingram's petition for judicial review to proceed despite the fact that he had not timely named the Alabama Peace Officers' Standards and Training Commission ("the commission") as a respondent. 148 So.3d at 1090. On appeal, this court concluded that the circuit court's judgment was void because the failure to timely name the commission as a respondent had deprived the circuit court of subject-matter jurisdiction over Ingram's petition for judicial review. Id. at 1093.
In accordance with Ex parte Sutley and our holding in Ingram, we conclude that the circuit court in the present case "failed to acquire subject-matter jurisdiction to hear [Hutchins's] petition for judicial review" because Hutchins did not properly name the superintendent as a respondent. Id. We further conclude that the circuit court's judgment affirming the superintendent's order revoking Hutchins's teaching certificate is therefore void. Id. (explaining that a judgment entered by a court without subject-matter jurisdiction is void). As we did in Ingram, "we dismiss this appeal, albeit with instructions to the [circuit] court to vacate its void judgment and to dismiss [Hutchins's] petition for judicial review based on its lack of subject-matter jurisdiction." Id. at 1094.
*155 APPEAL DISMISSED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.