# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2259

_____

SARASOTA COUNTY SCHOOL
BOARD/JOHNS EASTERN
COMPANY, INC.,

     Appellants,

     v.

ALICE BROCKMAN,

     Appellee.

_____

On appeal from an order of the Judge of Compensation Claims.
Diane B. Beck, Judge.

Date of Accident:  May 19, 2016.

June 4, 2018

PER CURIAM.

In this workers' compensation case, the Employer/Carrier (E/C) appeals an order of the Judge of Compensation Claims (JCC) awarding Claimant temporary partial disability (TPD) benefits and associated penalties, interest, costs, and attorney's fees (PICA). We reverse and remand, for the reasons that follow.

Claimant, a school custodian with almost thirty years of employment with the school board, was within six months of the date her full retirement would vest. She had incurred various compensable injuries while working for the school board, and also

had some ongoing disciplinary issues (absenteeism and poor performance assessments), when she sustained the compensable injury at issue on May 19, 2016. Upon Claimant's post-injury return to work, her Employer was able to accommodate her work restrictions and she received her full salary. Within five months, however, she retired (on the very day she vested). She has not worked since retirement or reached maximum medical improvement (as of the date of the final hearing). She subsequently filed the instant claim seeking TPD benefits and PICA.

The E/C contested the claim, arguing that Claimant's retirement was an intervening cause that broke the chain of causation between her compensable injuries and her loss of earnings. The JCC rejected this argument, finding that Claimant's retirement was not entirely voluntary and so was the equivalent of termination (a finding not challenged here), and that "the accident is the major contributing cause of her lost wages."

But the JCC, in her (otherwise quite thorough) order, did not expressly determine whether the termination was an intervening cause that broke the causal connection between the compensable injuries and the loss of earnings. *See generally Wyeth/Pharma Field Sales v. Toscano*, 40 So. 3d 795, 803 (Fla. 1st DCA 2010) ("[T]he cause of a claimant's displacement from employment and wages, once established, remains the cause unless an intervening or superseding cause is established."). We hesitate to infer a finding on this matter in the absence of underlying findings about the circumstances of the termination.

The JCC recited Claimant's testimony that she was terminated due to absences that might or might not have related to her compensable injuries. The JCC also recited testimony of Claimant's supervisor that the termination was due to insufficient job performance that, again, might or might not have related to her work restrictions. But the JCC neither accepted one witness over the other, nor determined whether either absences or poor performance were due to work restrictions.

Although the JCC wrote that the "loss of earnings was caused by the industrial injury and not by any voluntary limitation of income or voluntary retirement," the JCC did not find that the loss

of earnings was not caused by the involuntary retirement (termination) independent of the injury. Accordingly, we remand for the JCC to make a finding, based on the record as it stands, as to whether Claimant left her employment "for unjustifiable reasons." *Id.* at 802 ("[B]ecause competent substantial evidence supports the JCC's finding that Claimant did not leave her employment as a result of misconduct or for unjustifiable reasons – both valid legal considerations in determining an employee's entitlement to TPD benefits under the statute – the E/SA fails to demonstrate error based on the JCC's consideration of these factors.").

In the event the JCC concludes the termination was an intervening cause, the JCC will review the record for a "means by which a claimant may establish a causal relationship between a claimant's compensable injuries and claimant's temporary partial wage loss," *Thayer v. Chico's FAS, Inc.*, 90 So. 3d 766, 768 (Fla. 1st DCA 2012), and if none are present in the record, to enter judgment for the E/C. If, on the other hand, the JCC instead concludes the separation from employment was for justifiable reasons, the JCC shall enter judgment for Claimant.

REVERSED and REMANDED.

B.L. THOMAS, C.J., and LEWIS and MAKAR, JJ, concur.

––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––

Ben H. Cristal and Marko A. Crespo of Cristal Hanenian, Tampa, for Appellants.

Kimberly A. Hill, of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellee.

3